**AKERMAN LLP**
ASHLEY E. CALHOUN (SBN 030119)
Email: ashley.calhoun@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  (303) 260-7712
Facsimile:  (303) 260-7714

Attorneys for Defendants
NAVIENT CORPORATION
AND NAVIENT SOLUTIONS, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA – PHOENIX DIVISION

| | |
|---|---|
| KARI ASLAMY,<br><br>  Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION; and NAVIENT SOLUTIONS, INC. (nka NAVIENT SOLUTIONS, LLC),<br><br>  Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1331]<br><br>[Removed from Maricopa Superior Court, Case Number CV2017-003759] |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Navient Corporation (**Navient**)[1] and Navient Solutions, LLC (**NSL**) (collectively **Defendants**) pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action from the Superior Court of the County of Maricopa to the United States District Court for the District of Arizona, Phoenix Division and state as follows:

**I.  STATEMENT OF THE CASE**

1. On April 13, 2017, Plaintiff commenced an action in the Maricopa County Superior Court styled *Kari Aslamy v. Navient Corporation and Navient Solutions, Inc. (nka*

---

[1] "Navient Corporation" is not a proper defendant. Navient Corporation does not engage in the business of student loan servicing, and did not take part in any of the alleged actions or omissions set forth in the Complaint. Navient Solutions, LLC, f/k/a Navient Solutions, Inc. serviced the student loans at issue.

*Navient Solutions, LLC)*, Case No. CV2017-003759.  A copy of the Complaint is attached hereto as part of **Exhibit 1**.

2. Plaintiff asserts the following causes of action:  (1) Unfair, Deceptive, and/or Abusive Acts or Practices; (2) Violations of the Fair Debt Collection Practices Act (**FDCPA**); (3) Violations of the Arizona Consumer Fraud Act (A.R.S. Section 44-1522); (4) Negligence; and (5) Negligent Misrepresentation.  (**Exhibit 1**, Compl.)

## II.     BASIS FOR REMOVAL JURISDICTION: FEDERAL QUESTION

3. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim arises under the laws of the United States.

4. The general rule is a case meets the "arising under" standard if it is apparent federal law creates the plaintiff's cause of action from the face of the complaint. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983); *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2003).

5. Plaintiff's second claim seeks damages and equitable relief based on allegations Defendants violated the FDCPA. The FDCPA is a federal statute and Plaintiff's claim indisputably arises under the laws of the United States.  This Court's jurisdiction over these claims is based on 28 U.S.C. §1331.

6. Plaintiff's remaining state law claims are unfair, deceptive and/or abusive acts or practices, violations of the Arizona Consumer Fraud Act, negligence, and negligent misrepresentation. They are inextricably intertwined with and form part of the same case or controversy as plaintiff's FDCPA claim. Therefore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997) (district courts may exercise supplemental jurisdiction over state law claims that constitute "part of the same case or controversy" as claims arising under federal law). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would

normally be tried together. *E.g.*, *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). The facts related to plaintiff's state law claims are intertwined with and based upon the allegations of wrongdoing under the FDCPA.  It is appropriate to extend supplemental jurisdiction over all of Plaintiff's state law claims.

7. Because the conduct alleged in support of all Plaintiff's claims—both state and federal—is the same, the Court should exercise its supplemental jurisdiction over Plaintiff's state law claims.

### III.  BASIS FOR REMOVAL JURISDICTION: DIVERSITY JURISDICTION

8. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." 28 U.S.C. § 1332(a); 1332(a)(1); 1441(b)(2); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).  The amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

9. This Court has subject-matter jurisdiction over this matter because the parties are completely diverse, Defendants are not citizens of Arizona, and the amount in controversy exceeds $75,000.00.

#### A.  The Parties Are Diverse and Defendants Are Not Citizens of Arizona.

10. The citizenship requirements are met because Plaintiff is a citizen of Arizona, Defendant Navient is a citizen of Delaware, and defendant NSL is a citizen of Delaware.

11. Plaintiff "is a married woman who is a resident of Maricopa County." (**Exhibit 1**, Compl., ¶ 7.)  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (noting a person's citizenship is determined at the time the lawsuit is filed and a person's old domicile is not lost until a new one is acquired).

12. Defendant Navient is a diverse defendant. (**Exhibit 2**, website printout from the Delaware Secretary of State.) Navient is a corporation. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The term "principal place of business" refers to the place where the corporation's officers "direct, control and coordinate the corporation's activities" and is

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

1 normally the place where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 79 (2010). Navient is incorporated in Delaware with a principal office location in Delaware.

13. NSL is a Delaware limited liability company. (**Exhibit 3**, website printout from the Delaware Secretary of State.) For purposes of determining diversity of citizenship, a limited liability company has the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). NSL is wholly-owned by Navient, a Delaware corporation, and Navient holds all membership interests. Navient's principal place of business is Delaware. A principal place of business for NSL itself is Virginia.

14. Under 28 U.S.C. § 1332(s), the matter in controversy must exceed $75,000.

15. The amount in controversy requirement is met. The amount in controversy is ordinarily determined by the allegations in the complaint. *See Valdez v. Allstate Ins. Co.*, 375 F.3d 1115, 1117 (9th Cir. 2004). Here, the Complaint indicates Plaintiff requests the Court "order actual/compensatory damages to Plaintiff due to Defendant's conduct, in an amount proven at trial." (**Exhibit 1**, Compl. Prayer for Relief at ¶ c.) Plaintiff further requests an "order on punitive damages to Plaintiff for Defendant's violation of Arizona Tort laws, the FRCA, Federal consumer financial laws and the Arizona consumer financial laws, in an amount proven at trial." (*Id.* at ¶ d.) Punitive damages and attorneys' fees may be considered when determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff requests the Court "impose civil penalties against Defendants for violating Federal and Arizona consumer financial laws in the amount of $1,000,000 for each day for which the violation continues." (**Exhibit 1**, Compl. Prayer for Relief at ¶ g.)

16. The request for actual damages in the amount of $75,000 meets the jurisdictional minimum on its own, and Plaintiff also seeks punitive damages and attorneys' fees beyond that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996) (noting when a complaint alleges on its face an amount in controversy sufficient to

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

meet the federal jurisdictional threshold, the requirement is presumptively satisfied unless it appears to a "legal certainty plaintiff cannot actually recover that amount")  The amount in controversy requirement is met.

## V.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

17.    Removal of this action is timely as to Navient. Navient was served with the complaint on April 13, 2017 Under 28 U.S.C. § 1446(b), Navient has thirty days to remove this action to federal court and Navient hereby files this notice of removal, within thirty days of April 13, 2017.

18.    Removal of this action is timely as to NSL. NSL was served with the complaint on April 13, 2017. Under 28 U.S.C. § 1446(b), NSL has thirty days to remove this action to federal court and NSL hereby files this notice of removal, within thirty days of April 13, 2016.

19.    The only named defendants are Navient and NSL. There are no co-defendants from whom defendants must obtain consent. 28 U.S.C. § 1446(b)(2)(A).

20.    A copy of all documents filed in the state court action are attached as **Exhibit 1**. 28 U.S.C. § 1446(a). As of the date of this notice, only the Complaint (without exhibits), which is included in **Exhibit 1**, was served on Defendants.

21.    This Court is the appropriate forum for this case. Plaintiff filed this case in the Superior Court of Arizona for Maricopa County. This Court is the appropriate forum in which to remove this case because the United States District Court for the District of Arizona, Phoenix Division is the federal judicial district embracing Maricopa County, Arizona.  28 U.S.C. § 1441; LRCiv. 77.1(a).

22.    Counsel for Navient and NSL will promptly file a copy of this notice with the Clerk of the Superior Court of Maricopa County.  28 U.S.C. § 1446(d).

23.    Written notice of the filing of this notice of removal will be given to plaintiff.

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TEL.: (303) 260-7712 – FAX: (303) 260-7714

# CONCLUSION

24. By this notice of removal, Defendants do not waive any objections they may have as to service, jurisdiction, venue, or any other defenses or objections they may have to this action. Defendants make no admission of fact, law, or liability by this notice and expressly reserve all defenses, motions, and pleas. Defendants pray the state court action be removed to this Court, all further proceedings in the state court be stayed, and Navient and NSL receive all additional relief to which they are entitled.

**RESPECTFULLY SUBMITTED**, May 12, 2017.

**AKERMAN LLP**

By: */s/ Ashley E. Calhoun*
Ashley E. Calhoun (SBN 030119)
1900 Sixteenth Street, Suite 1700
Denver Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

Attorneys for Defendants
NAVIENT CORPORATION AND
NAVIENT SOLUTIONS, LLC

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on May 12, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

☒ I hereby certify that on May 12, 2017, I served the attached document by U.S. Mail on the following, who are yet not registered participants of the CM/ECF System:

Kari Aslamy
4224 N. 45th Place
Phoenix, AZ 85018
Telephone: (480) 290-4061
Email: kariaslamy@gmail.com

*Pro Se Plaintiff*

*/s/ Nick Mangels*
Nick Mangels