# EXHIBIT 1

MICHAEL K. JEANES
Clerk of the Superior Court
By Brian Colwell, Deputy
Date 04/13/2017 Time 13:14:31
Description                    Amount
————— CASE# CV2017-003759 —————
CIVIL NEW COMPLAINT               319.00

TOTAL AMOUNT                      319.00
          Receipt# 25869156

KARI ASLAMY
4224 N. 45th Place
Phoenix, AZ 85018
Telephone: (480) 290-4061
Telecopier: (520) 200-0325
Kariaslamy@gmail.com

# SUPERIOR COURT OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| KARI ASLAMY, <br><br> Plaintiff, <br><br> vs. <br><br> NAVIENT CORPORATION; and NAVIENT SOLUTIONS, INC. (nka NAVIENT SOLUTIONS, LLC), <br><br> Defendants. | Case No.  CV2017-003759 <br><br> **COMPLAINT** <br><br> Tort Non Motor Vehicle; Arizona Consumer Fraud Act; Consumer Financial Protection Act; Fair Credit Reporting Act; Fair Debt Collections Practices Act <br><br> *(Jury Trial Demanded)* |

Plaintiff Kari Aslamy (Plaintiff) brings this action against Navient Corporation and Navient Solutions, Inc. (nka Navient Solutions, LLC.) (collectively, Defendants) and alleges the following:

## INTRODUCTION

1. Plaintiff brings this action under the Arizona Consumer Fraud Act (ACFA), A.R.S. section 44-1522, Arizona tort law, the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. sections 5531, 5536, 5564, 5565; the Fair Credit Reporting Act (FCRA), 15 U.S.C. sections 1681 *et seq.*, and the implementing regulation, Regulation V, 12 C.F.R. part 1022; and the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. sections 1692 *et. seq.* based on unlawful acts and practices in connection with Defendants' servicing, collection and reporting of Plaintiff's student loans. Plaintiff seeks restitution, refunds, actual and punitive damages, civil money penalties, and other relief for Defendants' violations of State and Federal consumer financial laws and tort laws of Arizona.

2. Navient, formerly known as Sallie Mae, Inc., is the largest student loan servicer in the United States. Navient services the loans of more than 12 million borrowers, including over 6 million customer accounts under a contract with the U.S. Department of Education, and more than $300 billion in federal and private student loans.

3. Navient's principal responsibilities as a servicer include managing borrowers' accounts; processing monthly payments; assisting borrowers to learn about, enroll in, and remain in alternative repayment plans; and communicating directly with borrowers about the repayment of their loans.

4. Navient has failed to perform its core duties in the servicing of Plaintiff's student loans, violating State and Federal consumer financial laws, Arizona tort laws as well as the trust Plaintiff placed in the company. Among other things, Defendants misreported and misrepresented information about the status of Plaintiff's student loans to not only Plaintiff but also consumer reporting agencies, ignored Plaintiff's correspondence to Defendants, failed to update Plaintiff's mailing address to insure she received correspondence including documents relating to garnishment proceedings and failed to

1    inform third party collectors of Plaintiff's mailing address and phone

2    number, all of which has harmed Plaintiff both financially and

3    emotionally.

4    **JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction over this action because it is

6    "brought under Federal consumer financial law," 12 U.S.C. §

7    5565(a)(1), the ACFA, A.R.S. section 44-1522 and Arizona tort law.

6. Venue is proper in Maricopa County because: (1) Defendants are

8    located, reside, and/or do business in this county; (2) Plaintiff resides

9    in this county and resided in this county when the events that are the

10    subject matter of this litigation occurred: and (3) a substantial part of

11    the events or omissions giving rise to the claims occurred in this

12    county.

13    **PLAINTIFF**

7. Plaintiff is a married woman who is a resident of Maricopa County,

14    State of Arizona and was a resident of Maricopa County at all times

15    when the events that are the subject matter of this litigation occurred.

16    **DEFENDANTS**

17 8. Formerly known as Sallie Mae, Inc., defendant Navient Solutions, Inc.,

18    a wholly-owned subsidiary of Navient Corporation, is a Delaware

19    corporation. Navient Solutions, Inc. principally engages in servicing of

20    federal and private student loans for more than 12 million borrowers.

21    At all times material to this complaint, Navient Solutions, Inc. has

22    offered or provided a "consumer financial product or service," and

23    therefore is and was a "covered person" under the CFPA. 12 U.S.C. §

24

25

3

5481(6), (15)(A)(i). At all times material to this complaint, Navient Solutions, Inc. has transacted business in this county.

9. Defendant Navient Corporation is a loan management, servicing, and asset recovery company and is a Delaware corporation. Navient Corporation is the direct or indirect owner of all of the stock of Navient Solutions, Inc. At all times material to this complaint, Navient Corporation has transacted business in this county, whether directly or through its subsidiaries.

10. At all times material to this complaint, Navient Corporation is and was a "related person" because it has been a "shareholder ... or other person ... who materially participates in the conduct of the affairs" of Navient Solutions, Inc., which is a covered person. 12 U.S.C. § 5481(25)(C)(ii). Accordingly, at all times material to this complaint, Navient Corporation is "deemed to [be] a covered person for all purposes of Federal consumer financial law." 12 U.S.C. § 5481(25)(B).

11. There has been significant overlap between the corporate governance and management of Navient Corporation and Navient Solutions, Inc. Specifically, many of the directors and officers of Navient Solutions, Inc. have also been directors or officers of Navient Corporation. For example, as of 2014, John Remondi served as President and Chief Executive Officer for both Navient Corporation and Navient Solutions, Inc.; John Kane served as Chief Operating Officer for both Navient Corporation and Navient Solutions, Inc.; Somsak Chivavibul served as Chief Financial Officer for both Navient Corporation and Navient Solutions, Inc.; Timothy Hynes served as Chief Risk Officer for both

Navient Corporation and Navient Solutions, Inc.; and Stephen O'Connell served as Senior Vice President and Treasurer for both Navient Corporation and Navient Solutions, Inc.

12. Following a corporate reorganization in 2014, Navient Corporation was the successor to SLM Corporation and Navient, LLC. As part of this reorganization, Navient Corporation assumed certain liabilities related to the servicing and collection activities of SLM Corporation, Navient, LLC, and their subsidiaries. Among the liabilities assumed by Navient Corporation are all of the pre-reorganization servicing and collection conduct described in this Complaint.

13. SLM Corporation was awarded the servicing contract with the U.S. Department of Education in 2009, and that contract continues to be in force to the present (subject to various modifications that the parties to that contract have executed). All documents related to that contract were signed in the name of SLM Corporation or, subsequently, Navient, LLC. Accordingly, as a result of the 2014 corporate reorganization, Navient Corporation is currently the entity that contracts with the U.S. Department of Education for the servicing of federal student loans.

14. Navient Corporation also owns or leases the offices used by Navient Solutions, Inc.; has responsibility for the hiring of employees for Navient Solutions, Inc.; and manages all compliance auditing for Navient Solutions, Inc..

15. Navient Corporation consented to, has knowledge of, has materially participated in, and/or has controlled the activities of Navient Solutions, Inc. with respect to the conduct alleged in this Complaint.

## FACTUAL ALLEGATIONS

16. On or about October of 2003, Plaintiff was disbursed one federal subsidized consolidation and one federal unsubsidized consolidation loan in the total sum of $24,329.22.

17. The loans were funded by Wachovia Bank[1] , serviced by American Education Service (AES) and originally guaranteed by the Pennsylvania Higher Education Assistance Agency (PHEAA).

18. Plaintiff's first payment on the loans became due on or about November 10, 2003 and she made seventy-five (75) monthly payments totaling $10,910.26.

19. On or about June of 2008, Plaintiff and her minor daughter moved to Chandler, Arizona.  Plaintiff opened a P.O. Box with an address of 13066, Chandler, Arizona 85248.  Plaintiff notified all her creditors including Wachovia of her new postal address to insure she received bills in a timely manner.

20. At all times relevant to this Complaint, Plaintiff continued to maintain the same P.O. Box in Chandler.

21. After notifying Wachovia of her new postal address, Plaintiff starting receiving her monthly statements at the P.O. Box and continued making payments on the loans.  *Exhibit 1*, attached hereto and incorporated by this reference, is a copy of the very last billing

---

[1] Wachovia Bank was purchased by Wells Fargo Bank in October of 2008.

statement Plaintiff received from Wachovia, which was mailed to the Chandler P.O. Box.

22. On or about February 17, 2010, Plaintiff filed for Chapter 13 bankruptcy in the United Stated Bankruptcy Court, District of Arizona. Plaintiff provided the bankruptcy court with the Chandler P.O. Box as her official mailing address and was represented by counsel in that matter.

23. At the time Plaintiff commenced the bankruptcy action, she was **not** in default on her student loans owed to Wachovia/Wells Fargo.

24. On or about March 22, 2010, Wells Fargo/AES (formerly Wachovia) filed a proof of claim with the bankruptcy court for the subject loans in the amount of $17,371.72 and filed a bankruptcy claim with the guarantor, PHEAA.

25. On or about April 9, 2010, PHEAA paid the bankruptcy claim to Wachovia/Wells Fargo/AES in the sum of $17,445.97.

26. On or about May 27, 2010, PHEAA transferred all rights, title and interest in the subject loans to Educational Credit Management Corporation (ECMC) in the amount of $17,532 and ECMC became the guarantor of the subject loans.

27. On or about March 3, 2015, after Plaintiff successfully completed her Chapter 13 repayment plan, the United States Bankruptcy Court, District of Arizona issued an "Order of Discharge of Debts" to Plaintiff.

28. Between July 2, 2013 and March 9, 2015, ECMC received and posted payments by Plaintiff through her bankruptcy trustee in the total sum of $1,283.98 for the subject loans.

29. On or about March 4, 2015, ECMC was notified that Plaintiff's bankruptcy was discharged as of March 3, 2015. Shortly thereafter ECMC requested Defendants repurchase Plaintiff's loans. 34 C.F.R. 682.402(h) required ECMC to request a repurchase of the subject loans as Plaintiff was **not** in default at the time she filed her bankruptcy petition.

30. As part of the process of requesting a repurchase of the subject loans, ECMC sent a quote to Defendants which included the balance of the loans as well as Plaintiff's address. The address provided on the quote by ECMC to Defendants was the Chandler post office box – P.O. Box 13066, Chandler, AZ 85248.

31. Because Plaintiff had successfully been discharged from the bankruptcy court, it was Plaintiff and her family's desire to begin rebuilding their lives and purchasing a home. Part of this rebuilding process included Plaintiff making every effort to improve her credit score and thus be able to finance a home.

32. On or about May 13, 2015, Plaintiff requested a copy of her credit report from Experian to determine what her credit score was after the discharge of her bankruptcy. The credit report listed AES/Wells Fargo as creditors of two loans but did not list the balanced owed to AES/Wells Fargo. Rather, under the "status" section for the two loans, the credit report stated "student loan permanently assigned to government" and "claim filed with government/Never late." See *Exhibit 2.*

8

33. Because the subject loans were originally disbursed by Wachovia Bank to Plaintiff and all her billing statements for the subject loans were from Wachovia/AES, she had no clue as to why AES/Wells Fargo was listed as the creditor on her credit report and believed it was in error.

34. On or about June 8, 2015, ECMC posted repurchase funds in the total amount of $19,532.99. At this time, Defendants became the new servicer of the subject loans and ECMC remained the guarantor[2].

35. Defendants established a due date of July 3, 2015 for Plaintiff's first payment. After the bankruptcy, however, Plaintiff did **not** receive **any** notice (whether written or by phone) regarding money being owed to Defendants or notice of assumption of the loan(s).

36. On or about September 1, 2015, pursuant to 34 C.F.R. section 682.411(i), Defendants requested default aversion assistance (DAA) from ECMC because Plaintiff's payment had become 60 days past due[3]. The Defendants provided ECMC with Plaintiff's address as being 101 Maple Street, Redwood City, CA 94063.

37. Plaintiff has not resided at 101 Maple Street, Redwood City, CA 94063 since 2005.

38. Despite Defendants having given ECMC the Maple Street address on or about September 1, 2015, on September 9, 2015, Defendants started

---

[2] Based on the payments made through Plaintiff's trustee to ECMC prior to the repurchase by Defendants, ECMC generated a 1098-E in January of 2016 and this notice included Plaintiff's Chandler P.O. Box address.

[3] 34 C.F.R. section 682.411(i) requires a lender/servicer to submit a request for default aversion assistance (DAA) to the guarantor when a borrower becomes sixty (60) days past due. Part of the DAA provided by the guarantor is to attempt to contact the borrower to explain what options may be available and to help the borrower contact the servicer to take advantage of available options.

sending Plaintiff correspondence at yet a different address of 32085 N. North Butte Drive, Queen Creek, AZ 85142-6730. See *Exhibit 3*.

39. Plaintiff has never resided at 32085 N. North Butte Drive, Queen Creek, AZ 85142 nor has she ever used it as her mailing address.

40. On September 3, 2015 and January 1, 2016 ECMC sent letters to Plaintiff at the address provided by Defendants (the Maple Street address) and, upon information and belief, none of them were received return mail by ECMC.

41. On or about February 20, 2016, Plaintiff and her family were continuing to build their path to home ownership and Plaintiff requested another copy of her credit report from TransUnion.  At this point,  Plaintiff had **not** received any correspondence from AES/Wells Fargo, the creditor she believed was listed in error on her May 13, 2015 credit report. In reviewing the new credit report, Plaintiff did not see AES/Wells Fargo listed as a creditor of any loans. Consequently, Plaintiff was convinced AES/Wells Fargo was erroneously listed on her May 13, 2015 credit report.

42. In further reviewing the new credit report, for the first time, Plaintiff noticed a creditor named "Navient" reporting Plaintiff delinquent on a student loan.  Plaintiff had **never** received any correspondence or, for that matter, any type of communication  from "Navient" stating she owed them any money.  Plaintiff could not fathom why she would owe "Navient" money for a student loan and was very concerned at how it was negatively affecting her credit score and inability to purchase a home. See *Exhibit 4*.

43. On or about February 28, 2016, Plaintiff sent a letter Defendants which was sent to two separate addresses: (1) Defendant Navient's address as listed on Plaintiff's February 20, 2016 credit report; and (2) Defendants' address as listed on their websites. Plaintiff expressed her concerns about being reported delinquent for a loan for which she had never received any notice. See *Exhibit 5*.

44. The February 28, 2016 letter included Navient's account number for Plaintiff as set forth in her credit report. *Id.*

45. Despite still maintaining her P.O. Box address in Chandler, Plaintiff's February 28, 2016 letter also included Plaintiff's full residential/physical mailing address in Scottsdale, Arizona. *Id.*

46. On or about February 28, 2016, Plaintiff also disputed the debt owed to Defendants with the three (3) credit reporting agencies - TransUnion, Equifax and Experian.  See *Exhibit 6*.

47. Upon information and belief, on or about March 5, 2016, Defendants received Plaintiff's February 28, 2016 letter. See *Exhibit 7*.

48. On or about March 25, 2016, Defendants sent a letter to Plaintiff at *32085 N. North Butte Drive, Queen Creek, AZ 85142* wherein they stated, *inter alia,* "[r]ecently, we received a notice from one or more consumer reporting agencies indicating that the above loan is not yours or may be the result of identity theft.   We have performed an investigation and concluded the information we've provided regarding this loan to the consumer reporting agencies is valid." See *Exhibit 8*.

49. On or about March 26, 2016, Defendants sent another letter to Plaintiff at *32085 N. North Butte Drive, Queen Creek, AZ 85142* wherein they

stated, *inter alia,* "[r]ecently, we received a notice from one or more consumer reporting agencies indicating that the above loan is not yours or may be the result of identity theft.   We have performed an investigation and concluded the information we've provided regarding this loan to the consumer reporting agencies is valid." See *Exhibit 9.*

50. On April 1, 2016, TransUnion responded to Plaintiff's dispute and stated the loan to Defendants was "verified-no change" yet Plaintiff still had not received any correspondence from Defendants in response to her February 28, 2016 nor had she received any billing statements from Defendants.

51. Plaintiff's credit score continued to diminish because of the negative reporting by Defendants.

52. On April 16, 2016, Plaintiff pulled another credit report from Experian as Defendants still had not responded to her February 28, 2016 correspondence.   This credit report continued to list "Navient" as a creditor and Plaintiff's score was continuing to diminish because of the negative reporting to the credit agencies by Defendants. See *Exhibit 10.*

53. The Experian credit report further stated in regard to Plaintiff's February 28, 2016 dispute "[c]ompleted investigation of FCRA dispute – consumer disagrees." *Id.*

54. On April 25, 2016, Plaintiff, having not heard from Defendants, sent another letter stating, *inter alia,* "[t]his is my second letter regarding this account.   The first letter, which I [have] attached, was sent in February.   I have not received any information to this date from your company . . . I have never had any communication with Navient about

a loan in my name . . . your company has negatively impacted my credit report without attempting to rectify the situation . . . I have had no communication with Navient even though I have attempted to do so." See *Exhibit 11*.

55. This time, Plaintiff not only included her full residential/physical mailing address in the April 25, 2916 letter but also included her phone number, the last four digits of her social security number and a copy of the February 28, 2016 letter. This letter again included Navient's account number for Plaintiff as set forth in both her credit reports. *Id*.

56. Upon information and belief, on or about April 29, 2016 Defendants received Plaintiff's April 25, 2016 letter along with a copy of Plaintiff's February 28, 2016 letter. See *Exhibit 12*.

57. Between April 25, 2016 and January 19, 2017, Plaintiff did not receive one phone call or written correspondence from Defendants, whether it was to respond to her two letters or demand payment.

58. On or about July 24, 2016, Plaintiff entered into a "lease to purchase" agreement on a home and gave the seller a forty thousand dollar ($40,000.00) **non-refundable** deposit on the home.

59. Pursuant to the "lease to purchase" agreement, in the event Plaintiff does not close on the house by May 31, 2017, the seller will keep the non-refundable deposit and Plaintiff and her family will have to relinquish any and all rights to the home.

60. On or before September 1, 2016, Defendants filed a default claim against Plaintiff with ECMC because the subject loans were more than 270 days past due.

61. Upon information and belief, Defendants did not advise ECMC of Plaintiff's address as set forth in the February 28, 2016 and April 25, 2016 letters.

62. Upon information and belief, Defendants did not advise ECMC of Plaintiff's phone number as set forth in the April 25, 2016 letter.

63. On or about September 1, 2016, ECMC paid Defendants $20,447.48 for the default claim.   On that date, the most current address information on file with ECMC for Plaintiff was the address provided by Defendants to ECMC on September 1, 2015 - 101 Maple Street, Redwood City, CA 94063.

64. Upon information and belief, on September 4, 2016, ECMC mailed a *Notice of Default* to Plaintiff at the Maple Street address.

65. Upon information and belief, on November 16, 2016, ECMC mailed a *Notice Prior to Wage Withholding* to Plaintiff at the Maple Street address.

66. On Friday, January 20, 2017, Plaintiff received a letter from her employer which included executed garnishment paperwork from ECMC.   Plaintiff had not received any notice of garnishment from anyone and had no idea who ECMC was and why it was garnishing her wages. See *Exhibit 13*

67. On Monday, January 23, 2017, Plaintiff called ECMC in an effort to determine why her wages were being garnished.   When Plaintiff attempted to speak with the representative regarding the matter, the only option she was being given was to enter into a payment plan with

14

ECMC. Plaintiff, having no clue where this debt came from, did not agree to enter into a repayment plan.

68. On January 24, 2017, Plaintiff sent a letter to the wage garnishment administrator at ECMC asking she be contacted regarding the matter and also contacted several attorneys to seek legal advice  In that letter, Plaintiff stated, *inter alia*, "[i]f I HAD received some type of notice from ECMC or AES that I still owed money . . . I would have taken appropriate mesaures to resolve the issues.  Why would I go through five years of a Chapter 13 bankruptcy just to then avoid repayment of other debts including what is allegedly owed to ECMC?". See *Exhibit 14*.

69. After consulting with an attorney, Plaintiff was instructed to contact the National Student Loan Data System for Students (NSLDS) because Plaintiff's employer's garnishment letter did state that a federally insured government student loan was in default. See *Exhibit 13*.

70. On January 25, 2017, after speaking with a representative of NSLDS, Plaintiff, *for the very first time*, learned ECMC was garnishing her wages on behalf of a student loan servicer named "Navient."  It was at this point Plaintiff realized the garnishment stemmed from the issue she first attempted to address with Defendants by sending them correspondence on February 28, 2016 and on April 16, 2016, which Defendants ignored.

71. On February 7, 2017, Plaintiff submitted a complaint against Defendants with the Consumer Financial Protection Bureau (CFPB).

72. On February 10, 2017, Plaintiff submitted a complaint against ECMC with CFPB.

73. On February 14, 2017, Defendants sent a letter to Plaintiff providing her with "repayment options" available to her on the subject loans. Defendants sent this letter to Plaintiff even though: (1) Defendants had filed a default claim against Plaintiff with ECMC five (5) months prior; and (2) on or about September 1, 2016, ECMC already paid Defendants $20,447.48 on the default claim against Plaintiff and therefore were not owed even one penny from Plaintiff.  Moreover, Defendants sent this letter to Plaintiff with "repayment options" within seven (7) days of Plaintiff filing her complaint against the Defendants with the CFPB. See *Exhibit 15*.

74. On or about February 22, 2017, ECMC responded to the complaint filed by Plaintiff with the CFPB against it.  See *Exhibit 16*.

75. On or about February 23, 2017, after having read ECMC's response, Plaintiff called ECMC and spoke with a representative named Trudy Swanson, a research resolution specialist.  Plaintiff provided Ms. Swanson with a better explanation of what Defendants had done and Ms. Swanson indicated she would conduct additional research regarding the matter.

76. On or about February 24, 2017 Defendants responded to the complaint filed by Plaintiff with CFPB against them.      In their response, Defendants state, *inter alia,*

> We have confirmed that the address that was provided to us after the Chapter 13 bankruptcy was completed, was . . . P.O. Box 13066, Chandler, AZ 85248-0035

> Our records indicate that we then started to receive return mail as of *October 2015.* When we receive mail back, we will attempt to locate you by a process known as Skip Tracing . . . Please know that it is the customer's responsibility to notify us of any address change.
> ...
>
> We will report your loans in a past due status if they are more than 90 days delinquent at month end. This will provide you with an opportunity to contact us if you are past due and/or or having difficulty making payments before negative reporting occurs.

See *Exhibit 17.*

77. On or about March 10, 2017, Ms. Swanson submitted a second response to Plaintiff's complaint filed against ECMC with CFPB. Among other things, Ms. Swanson's second response stated "[d]ue to the confusion with your address, ECMC has also agreed to issue a refund of your 3 [Administrative Wage Garnishment] AWG payments received by ECMC totaling $1,075.62." However, this did not help with the continued negative impact on Plaintiff's credit report as a result of Defendants' conduct. See *Exhibit 18.*

78. On or about March 14, 2017, Plaintiff contacted Defendants' *Office of the Customer Advocate* and requested copies of any and all correspondence in Defendant's file regarding the subject loans/account number from June 4, 2015 to March 26, 2016.

79. On or about April 8, 2016, Plaintiff received correspondence from Kelly Sheffler of Defendants' Office of Customer Advocate which included, upon information and belief, copies of all correspondence regarding the subject loans/account number sent to Plaintiff by Defendants from June 4, 2015 through March 26, 2016. This packet of documents included copies of Plaintiff's letters to Defendants on February 28, 2016 and April 25, 2016. See *Exhibit 19.*

## VIOLATIONS OF THE CONSUMER FINANCIAL PROTECTION ACT

80. Sections 1031 and 1036 of the CFPA prohibit a "covered person" from committing or engaging in any "unfair, deceptive or abusive act or practice" in connection with any transaction with a consumer for a consumer financial product or service, or the offering of a consumer financial product or service. 12 U.S.C. §§ 5531(a), 5536(a)(1)(B). Defendants are "covered person[s]" within the meaning of the CFPA. 12 U.S.C. § 5481(6).

81. An act or practice is unfair if it causes or is likely to cause substantial injury to consumers, which is not reasonably avoidable by consumers, and such substantial injury is not outweighed by countervailing benefits to consumers or to competition. 12 U.S.C. § 5531(c).

82. An act or practice is deceptive if it misleads or is likely to mislead the consumer; the consumer's interpretation of the act or practice is reasonable under the circumstances; and the misleading act or practice is material.

83. An act or practice is abusive if it, among other things, takes An act or practice is abusive if it, among other things, takes

**COUNT I**
**Unfair, Deceptive and/or Abusive Acts or Practices of Defendants**

84. The allegations in Paragraphs 1 to 83 are incorporated here by reference.

85. Plaintiff relied on Defendants to act in her best interests in advising about options to address her financial situation with them when she sent Defendants letters on February 28, 2016 and April 25, 2016 inquiring as to why Defendant Navient was on her credit reports. This reliance was reasonable in part because Defendants and the U.S. Department of Education encourage borrowers of student loans to rely on their servicer to help them in this way.  While Plaintiff, at the time of the two letters, was not on notice that Defendants were in fact servicers of her loans, she made reasonable efforts to reach out to them and they failed to respond.

86. Defendants took unreasonable advantage of Plaintiff's reasonable reliance on Defendant Navient to act in her interests. Defendants did not act in Plaintiff's interest as they chose to ignore Plaintiff's attempts to reach out to them but rather continued to report to credit agencies

that she was delinquent in the payment of her student loans and ultimately defaulted her.

87. Defendants further took unreasonable advantage of Plaintiff's reasonable reliance on Defendants to act in her interest by not updating Plaintiff's address in their system which was clearly set forth in her February 28, 2016 and April 25, 2016 letters.

88. Defendants further took unreasonable advantage of Plaintiff's reasonable reliance on Defendant Navient to act in her interest by not updating Plaintiff's phone number in their system which was clearly set forth in her April 25, 2016 letter.

89. Defendants further took unreasonable advantage of Plaintiff's reasonable reliance on Defendant Navient to act in her interest by not providing/updating ECMC with Plaintiff's which was clearly set forth in her February 28, 2016 and April 25, 2016 letters. Defendants took unreasonable advantage of Plaintiff while already knowing ECMC was pursuing collection efforts against her and was using the Maple Street address.

90. Defendants further took unreasonable advantage of Plaintiff's reasonable reliance on Defendant Navient to act in her interest by not providing/updating ECMC with Plaintiff's phone number as clearly set forth in her April 25, 2016 letters despite having already asked ECMC to pursue collection efforts against Plaintiff.

91. Defendants further took unreasonable advantage of Plaintiff's reasonable reliance on Defendant Navient to act in her interest by sending her a letter dated February 14, 2017 with "repayment options"

available to her on the subject loans even though: (1) Defendants had filed a default claim against Plaintiff with ECMC five (5) months prior; and (2) ECMC already paid Defendants $20,447.48 on the default claim against Plaintiff five months prior. Defendants sent this letter to Plaintiff with "repayment options" within seven (7) days of Plaintiff filing her complaint against the Defendants with the CFPB in an effort to deceive and mislead her into thinking Defendants were willing to work with her on loans for which she had already been defaulted.

92. This advantage obtained by Defendants was unreasonable because Navient benefited from this conduct at the expense of Plaintiff. Navient, by ignoring Plaintiff, was able to collect the entire balance owed to them through the guarantor, ECMC, along with collection fees associated with the loan. Additionally, referring Plaintiff to the DAA and then defaulting her is quicker and less expensive to administer than to respond to her inquiries and allow her to enter into other repayment plans. Defendant's operating costs decreased by allowing ECMC to take over Plaintiff's loans while Defendants became whole through the guarantor's payment to them.

93. Had Defendants simply contacted Plaintiff in response to either of her two letters or, at the very minimum, forwarded Plaintiff's letters to ECMC so that ECMC would have Plaintiff's correct address, Plaintiff would have been able to enter into a repayment plan with Defendants, thus preventing Plaintiff from: (1) being defaulted on her student loans; (2) having significant harm to her credit score due to all the negative reporting; (3) having collection proceedings against her which

included having her wages garnishment without Plaintiff even knowing why it was occurring or, for that matter, receiving property notice of the garnishment proceedings; and (4) potentially losing her home, the $40,000.00 non-refundable deposit on the home and the increase in equity since moving in the home because she is unable to obtain a loan due of the derogatory reporting by Defendants to credit agencies.

94. Therefore, Defendants' acts and practices as set forth herein, constitute abusive, unfair and deceptive acts or practices in violations of sections 1031 and 1036 of the CFPA, 12 U.S.C. §§ 5531, 5536(a)(1).

## COUNT II
## Defendants' Violations of the Fair Debt Collection Practices Act

95. The allegations in Paragraphs 1 to 94 are incorporated here by reference.

96. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

97. As described above, Defendants used "false, deceptive or misleading representations or means in connection with the collection of any debt" by: (1) ignoring Plaintiff's attempts to reach out to them; (2) failing to update Plaintiff's address and phone number in their system; (3) failing to forward Plaintiff's letters to ECMC to insure Plaintiff was receiving all notices regarding the collection of the student loans; and (4) sending correspondence and demands for payment to Plaintiff at an address at which she has never resided not used for receipt of mail.

98. Defendants further used "false, deceptive or misleading representations or means in connection with the collection of any debt" by sending her a letter dated February 14, 2017 with "repayment options" available to her on the subject loans even though: (1) Defendants had filed a default claim against Plaintiff with ECMC five (5) months prior; and (2) ECMC already paid Defendants $20,447.48 on the default claim against Plaintiff five months prior. Defendants sent this letter to Plaintiff with "repayment options" within seven (7) days of Plaintiff filing her complaint against the Defendants with the CFPB in an effort to deceive and mislead her into thinking Defendants were willing to work with her on loans for which she had already been defaulted.

99. Therefore, Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, 1692e(10)

## COUNT III
## Defendants' Violations of the Arizona Consumer Fraud Act (A.R.S. Section 44-1522)

100.    The allegations in Paragraphs 1 to 99 are incorporated here by reference.

101.    The ACFA forbids as an "unlawful practice" any deceptive act or practice, false promise or statement, or concealment or omission of any material fact "in connection with" the sale of merchandise. "Merchandise" is broadly defined to include "any objects, wares, goods, commodities, intangibles, real estate, or services."

102.    As described above, Defendants, by ignoring Plaintiff's attempts to reach out to them, updating Plaintiff's address in their system, or at

23

the very least forwarding those letters to ECMC to insure Plaintiff was receiving all notices regarding the collection of the student loans, concealed and/or omitted material facts in connection with the sale of a merchandise.

103.     Defendants further concealed and/or omitted material facts in connection with the sale of a merchandise by sending her a letter dated February 14, 2017 with "repayment options" available to her on the subject loans even though: (1) Defendants had filed a default claim against Plaintiff with ECMC five (5) months prior; and (2) ECMC already paid Defendants $20,447.48 on the default claim against Plaintiff five months prior. Defendants sent this letter to Plaintiff with "repayment options" within seven (7) days of Plaintiff filing her complaint against the Defendants with the CFPB in an effort to deceive and mislead her into thinking Defendants were willing to work with her on loans for which she had already been defaulted.

104.     Plaintiff relied on Defendants to represent her interests rather than concealing and omitting material facts, thus directly resulting in financial and emotional injury to Plaintiff.

105.     Therefore, Defendants violated the Arizona Consumer Fraud Act. A.R.S. section 44-1522.

## COUNT IV
## Negligence

106.     The allegations in Paragraphs 1 to 105 are incorporated here by reference.

107.    The ACFA, FDCPA, CFPA as well as general business practices imposes a duty upon Defendants to not engage in any unfair, deceptive, abusive or misleading acts.

108.    Because Defendants were the servicer's of Plaintiff's student loans, Defendants owed this duty to Plaintiff.

109.    Defendants breached their duty owed to Plaintiff when they, among other things: (1) ignored repeated letters from Plaintiff (i.e. February 28, 2016 and April 25, 2016 letters) to Defendants inquiring as to the issues that are the subject matter of this litigation; (2) failed to update Plaintiff's address in their system after receiving the above referenced letters to insure all future correspondence from Defendants or any third party collectors were received by Plaintiff; (3) failed to update Plaintiff's phone number in their system after having received the April 25, 2016 letter; (4)  failed to provide a copy of the above-referenced letters to ECMC to insure ECMC would be able to properly communicate with Plaintiff prior to commencing garnishment proceedings; (5) failed to advise ECMC of Plaintiff's proper address as set forth in the February 28, 2016 and April 25, 2016 letters; (6) failed to advise ECMC of Plaintiff's phone number as set forth in the April 25, 2016 letter; (5) provided false information to the CFPB in response to Plaintiff's complaint in an effort to deceive Plaintiff and the CFPB; and (6) was mailing correspondence to Plaintiff at an address where she has never rided nor has she used for purposes of delivery of mail – the Queen Creek address.

110.    As a direct result of Defendants' breach, Plaintiff was harmed/damaged.  This harm will continue for an indefinite period of time.

111.    Plaintiff's damages include, but are not limited to, financial hardship and losses, negative impact on her credit score, negative impact on her credit history, potentially losing her home, the $40,000.00 non-refundable deposit on the home and the increase in equity since moving in the home because she is unable to obtain a loan due of the derogatory reporting by Defendants to credit agencies and emotional harm.

## COUNT V
## Negligent Misrepresentation

112.    The allegations in Paragraphs 1 to 111 are incorporated here by reference.

113.    The ACFA, FDCPA, the CFPA as well as general business practices imposes a duty upon Defendants to not engage in any unfair, deceptive, abusive or misleading acts.

114.    Defendants, while acting in the course of their business in which they had pecuniary interest, responded to a complaint filed by Plaintiff with the CFPB wherein she asserted, among other things, that Defendants failed to respond to her letters or update her address in their system in order to properly respond to her letters.

115.    Defendants, while acting in the course of their business in which they had pecuniary interest, sent Plaintiff a letter dated February 14, 2017 with "repayment options" available to her on the subject loans even though: (1) Defendants had filed a default claim against Plaintiff

with ECMC five (5) months prior; and (2) ECMC already paid Defendants $20,447.48 on the default claim against Plaintiff five months prior. Defendants sent this letter to Plaintiff with "repayment options" within seven (7) days of Plaintiff filing her complaint against the Defendants with the CFPB in an effort to deceive and mislead her into thinking Defendants were willing to work with her on loans for which she had already been defaulted.

116.    The information contained in Defendants' response to Plaintiff's CFPB complaint and the February 14, 2017 letter was supplied for the guidance of Plaintiff in her future business transactions including, but not limited to, **actual** repayment options availabel to her on the student loans, purchasing of property, handling debt collections by ECMC and addressing credit issues due to the Defendants' actions.

117.    Plaintiff, having justifiably relied on the false information provided by Defendants, suffered pecuniary loss.

118.    Defendants failed to exercise reasonable care in communicating the information to Plaintiff in that they provided false and misleading information in their response in order to deceive and mislead Plaintiff and the CFPB. The false or misleading information included, but it not limited to: (1) Defendants claiming they started to receive return mail at Plaintiff's P.O. Box address as of October 2015; (2) Defendants claiming they made a good faith effort to locate Plaintiff through a skip trace; (3) Defendants claiming they made attempts to reach Plaintiff telephonically; and (4) sending a letter to Plaintiff with "repayment options" available to her when in reality, Defendants were no longer

owed even a penny on the subject loans as ECMC has paid them already.

119.    Plaintiff was the recipient of the false and misleading information provided by Defendants.

### PRAYER FOR RELIEF

120.    WHEREFORE, Plaintiff requests the Court:

a.  Order Defendants to pay appropriate restitution to Plaintiff due to their unlawful conduct, in an amount to be proven at trial;

b.  Order disgorgement of ill-gotten revenue against Defendants; in an amount to be proven at trial;

c.  Order actual/compensatory damages to Plaintiff due to Defendant's conduct, in an amount proven at trial;

d.  Order punitive damages to Plaintiff for Defendant's violation of Arizona Tort laws, the FCRA, Federal consumer financial laws and the Arizona consumer financial laws, in an amount proven at trial;

e.  Notify the public regarding Defendants' violations;

f.  Order Defendants to pay the costs associated with the public notification;

g.  Impose civil penalties against Defendants for violating Federal and Arizona consumer financial laws in the amount of $1,000,000 for each day for which the violation continues;

h.  Order the rescission or reformation of contracts where necessary to redress injury to Plaintiff;

i.  Order the refund of moneys to Plaintiff;

j.  Order Defendants to rectify Plaintiff's credit issues with credit agencies as a result of their unlawful conduct;

k.  Order Defendants to pay Plaintiff's attorney fees and costs; and

l.  Award additional relief as the Court may determine to be just and proper.

DATED this ___13th___ day of April, 2017.

_____
Kari Aslamy

### OATH AND VERIFICATION

I, KARI ASLAMY, certify under penalty of perjury and pursuant to the laws of the State of Arizona that the foregoing statements are true and correct to the best of my knowledge and ability.

Date: this 13th day of April, 2017

Kari Aslamy, Plaintiff

30

**JURAT WITH AFFIANT STATEMENT**

State of _Arizona_ } ss.

County of _Maricopa_

☑ See Attached Document (Notary to cross out lines 1–7 below)
☐ See Statement Below (Lines 1–7 to be completed only by document signer[s], not Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____

7 _____

_Signature of Document Signer No. 1_           _Signature of Document Signer No. 2 (if any)_

Subscribed and sworn to (or affirmed) before me

this _13th_ day of _April_, _2016_, by
       Date              Month        Year

_Kari L. Aslamy_
_Name of Signer No. 1_

**CHRISTIAN CARRIZALES**
**Notary Public - Arizona**
**Maricopa County**
**My Comm. Expires Jul 3, 2018**

_____
_Name of Signer No. 2 (if any)_

_Signature of Notary Public_

_Jul 3, 2018_

_Place Notary Seal/Stamp Above_          _Any Other Required Information_
                                         _(Residence, Expiration Date, etc.)_

_____ **OPTIONAL** _____

_This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document._

**Description of Attached Document**

Title or Type of Document: _Oath and Verification_

Document Date: _4/13/2017_                    Number of Pages: _30_

Signer(s) Other Than Named Above: _N/A_

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #25924



EXHIBIT 1

289229

 **WACHOVIA** 

| Name | | Account Number | Date Billed | Date Due |
|------|---|----------------|-------------|----------|
| KARI L LYONS | | 26 1696 0296 | 08-12-09 | 09-01-09 |

| Date Last Payment | Principal Amt Last Payment | Interest Amt Last Payment | Late Fee Amt Last Payment | Total Amount Last Payment |
|-------------------|----------------------------|---------------------------|---------------------------|---------------------------|
| 08-04-09 | $49.25 | $0.75 | $0.00 | $50.00 |

| Bill Type | Amount Past Due | Current Due | Total Principal And Interest Due | Outstanding Late Fees To Date |
|-----------|-----------------|-------------|----------------------------------|-------------------------------|
| INSTALL | $0.00 | $50.00 | $50.00 | $0.00 |

| Loan Seq. | First Disb | Loan Program | Status | Owner | Monthly Installment Amount | Int Rate | Balance | Amount Past Due | Current Amount Due | Total Amount Due |
|-----------|-----------|--------------|--------|-------|----------------------------|----------|---------|-----------------|--------------------|------------------|
| *1002 | 08/20/01 | SELECT | REPAY | WACHOVIA N | $50.00 | 3.750% | $475.91 | $0.00 | $50.00 | $50.00 |

LATE FEES WILL BE ASSESSED IN ACCORDANCE TO THE REQUIREMENTS SET FORTH BY THE LOAN OWNER. EACH UNIQUE OWNER/LOAN PROGRAM MAY HAVE DIFFERING LATE FEE REQUIREMENTS. THE OWNER WILL ASSESS LATE FEES ON ANY LOANS LISTED ABOVE THAT ARE IDENTIFIED WITH AN ASTERISK. IF THERE ARE DATES LISTED BELOW THE HEADING "RECEIVED AFTER THIS DATE", WHICH ARE PRIOR TO THE DATE YOU ARE MAKING YOUR PAYMENT, ADD THE CORRESPONDING LATE FEE(S) TO BE ASSESSED TO THE TOTAL AMOUNT DUE ON THE TEAR-OFF SECTION OF THE BILL.

| RECEIVED AFTER THIS DATE | LATE FEE TO BE ASSESSED |
|--------------------------|-------------------------|
| 09/15/09 | $2.50 |

You may be required to remit your full monthly installment amount, even if your loan(s) are paid ahead, in order to maintain reduced interest rate eligibility under any applicable Repayment Incentive Program offered by your lender(s). Contact us for details.

Return lower portion with payment to name and address listed below. Do not staple, fold or tape. PLEASE INCLUDE YOUR 10-DIGIT AES ACCOUNT NUMBER ON YOUR CHECK.

**Customer Statement**

(IF LATE, SEE ABOVE)     ☐ Check to indicate change of address on reverse.

Amount Paid - Do not write dollar ($) sign in boxes below or on check.

| Account Number | Date Due | | Total Amount Due |
|----------------|----------|---|------------------|
| 26 1696 0296 | 09-01-09 | $ | $50.00 |

20094224012616960296100000500000000000000000000005

#BWNDHKB
#B626 0210 1908 12L7#
KARI L LYONS
PO BOX 13066
CHANDLER AZ 85248-0035



AMERICAN EDUCATION SERVICES
HARRISBURG PA 17130-0001

289230

| Name | Account Number | Date Billed | Date Due |
|---|---|---|---|
| KARI L LYONS | 26 1696 0296 | 08-12-09 | 09-01-09 |

## LOAN INFORMATION

| Loan Seq | First Disb. | Loan Program | Original Principal Amount | Total Interest Paid | Total Fees Paid | Total Principal Paid | Aggregate Amount Paid |
|---|---|---|---|---|---|---|---|
| 1002 | 08/20/01 | SELECT | $3,884.47 | $1,010.93 | $0.00 | $3,374.73 | $4,385.66 |

Z89231



| Name | Account Number | Date Billed | Date Due |
|------|----------------|-------------|----------|
| KARI L LYONS | 26 1696 0296 | 08-12-09 | 09-01-09 |

**Original Principal Amount:** The original outstanding amount of the loan.
**Total Interest Paid:** The total amount of interest paid to date on the loan since it was first disbursed.
**Total Fees Paid:** The total amount of fees paid to date on the loan since it was first disbursed.
**Total Principal Paid:** The total amount of principal paid to date on the loan since it was first disbursed.
**Aggregate Amount Paid:** The total amount paid to date on the loan, including amount paid toward interest, fees, and against the principal.
**Note:** The Total Interest Paid, Total Fees Paid, Total Principal Paid and Aggregate Amount Paid values do not reflect payments received while your loan(s) was serviced elsewhere.

**Repayment Schedule Options** - Below are descriptions of the repayment schedule options that may be available to you on your Title IV loans. Please note: We are required to allow you to change your repayment plan at least annually during the repayment of your loan. If you wish to change your repayment plan, contact us at the phone number or website provided on the back of your bill. To obtain additional Title IV repayment information, please feel free to contact the U.S. Department of Education at the following web site: http://federalstudentaid.ed.gov

**Standard** - On a Standard (level) Repayment Schedule, the monthly installment amount generally remains the same throughout repayment. However, circumstances or events during repayment may result in changes to the monthly installment amount. Generally, this option is the fastest and most economical method of repayment.

**Graduated** - A Graduated Repayment Schedule allows you to pay a small monthly amount (typically, interest only) during the beginning of the repayment period. Your installment amount will increase gradually over the life of your loan(s). The amount of interest paid over the life of the loan is higher with this option than with the Standard (level) repayment option.

**25-Year Extended Repayment** - A 25 Year Extended Repayment Schedule is only available to you if your loan(s) were first disbursed on/after October 7, 1998, and you have an outstanding balance of principal and interest in FFELP loans totaling more than $30,000. This schedule offers you the ability to repay your loan on a level or graduated repayment schedule over 25 years rather than the standard 10 years. This plan provides for a lower monthly installment payment; however, the amount of interest paid over the life of the loan would be much higher than with a 10 year repayment schedule.

**Income Sensitive** - An Income Sensitive Repayment Schedule is a reduced monthly installment amount for a 12-month period. Your installment amount will be based on a percentage of your monthly gross income from all sources and the amount of interest that accumulates on your loan(s) each month. This schedule must be requested annually and you must supply all supporting documentation.

**Income Based Repayment** - Effective 7/1/09, an Income Based Repayment Plan is available for Stafford loans, PLUS loans made to graduate or professional students, and Consolidation loans (with no underlying PLUS loans made to parent borrowers). You must qualify for this repayment plan by providing required documentation to prove you have a partial financial hardship. Under this repayment plan, your monthly installment amount is based on your annual Adjusted Gross Income (AGI) and family size. The installment amount may change every 12 months; as annual verification of your AGI and family size is required. The maximum repayment period may exceed 10 years under this repayment plan. Choosing to utilize this repayment option and meeting the eligibility criteria may qualify you for loan forgiveness after a 25-year period. If you apply for this repayment plan, you are required to provide us with written consent for the Internal Revenue Service to disclose your AGI and other tax return information to us. If you have a required monthly installment amount equal to $0.00 under this schedule, any payment remitted will not satisfy future installments.



EXHIBIT 2



**Experian**
A world of insight

Prepared for: **KARI LANE RAMON**
Date: May 13, 2016
Report number: **1201-5081-63**

Page 5 of 22

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Public Records

**US BKPT CT AZ PHOENIX**
230 N 1ST AVE STE 101
PHOENIX, AZ 85003
(602) 682-4000
Address identification number
0642094494

| Identification number | Date filed | Claim amount |
|---|---|---|
| 100394MCW | Feb 2010 | $0 |
| Responsibility | Date resolved | Liability amount |
| Individual | Mar 2015 | $0 |

**Status**
Chapter 13 bankruptcy discharged.
This item is scheduled to continue on record until Feb 2017.

## Credit items

**AMERICAN EDUCATION/WELLS FARGO**
PO BOX 61047
HARRISBURG PA 17106
**Phone number**
(800) 233-0557
**Partial account number**
261696032962FA0...
Address identification number
0642094494

| Date opened | Type | Credit limit or original amount | Recent balance |
|---|---|---|---|
| Oct 2003 | Education | | Not reported |
| First reported | Terms | | |
| Dec 2003 | 230 Months | | |
| Date of status | | $23,823 | |
| Apr 2010 | Monthly payment | High balance | |
| | Not reported | Not reported | |

**Responsibility**
Individual
**Status**
Claim filed with government/Never late.
This account is scheduled to continue on record until Jan 2017.
**Comment:**
Student loan permanently assigned to government.

### Payment history legend

| | | | |
|---|---|---|---|
| | Current/Terms of agreement met | | Voluntarily surrendered |
| | Account 30 days past due | | Repossession |
| | Account 60 days past due | | Paid by creditor |
| | Account 90 days past due | | Insurance claim |
| | Account 120 days past due | | Claim filed with government |
| | Account 150 days past due | | Defaulted on contract |
| | Account 180 days past due | | Collection |
| | Creditor received deed | | Charge-off |
| | Foreclosure proceedings started | | Closed |
| | Foreclosed | | No data for this time period |



**:::Experian**
A world of insight

Prepared for: KARI LANE RAMON
Date: May 13, 2015
Report number: 1201-5081-63

Page 6 of 22



Your accounts that may be considered negative (continued)

**AMERICAN EDUCATION/WELLS FARGO**
PO BOX 61047
HARRISBURG PA 17106
Phone number
(800) 233 0557
Partial account number
261699029BPA0.....
Address identification number
0642094494

| Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|
| Oct 2003 | Education | original amount | Not reported | Individual |
| First reported | Terms | $506 | | Status |
| Dec 2003 | 230 Months | High balance | | Claim filed with government/Never late. |
| Date of status | Monthly | Not reported | | This account is scheduled to continue on record until Jan |
| Apr 2010 | payment | | | 2017. |
| | Not reported | | | Comment: |
| | | | | Student loan permanently assigned to government. |

Payment history

2010
APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC
2009
OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN
2008                                                  2007                                                  2006
NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV
2005                                                  2004                                                  2003

**AMERICAN EXPRESS**
PO BOX 981537
EL PASO TX 79998
Phone number
(800) 874 2717
Partial account number
Mar 2015

| Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|
| | Credit card | original amount | $0 as of Mar 2015. | Individual |
| First reported | Terms | Not reported | | Status |
| | Not reported | High balance | | Discharged through Bankruptcy Chapter 13. |
| Date of status | Monthly | | | Comment: |
| Mar 2015 | payment | | | Account closed at credit grantor's request. |
| | Not reported | | | This item was updated from our processing of your dispute in |
| | | | | May 2015. |
| | | | | Account History |
| | | | | Debt included in Chapter 13 Bankruptcy on Mar 03, 2015. |

Payment history

2010
OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC

0298196707



EXHIBIT 3

# NAVIENT

PO BOX 9500
WILKES-BARRE, PA 16773-9500

(800) 766-7242

KARI L LYONS
32085 N NORTH BUTTE
DR
QUEEN CREEK AZ 85142-6750

Account Number:   9256426416-1

Dear KARI L LYONS:

09/09/15

Thanks for letting us take care of your student loan account and invest in your potential.  We recently sent you letters that were returned to us by the post office as undeliverable.  Now that we have an accurate address, we're forwarding you those returned letters.  Please read them carefully since they contain important information about your student loan(s).

Also, please remember to tell us whenever you change your name or address.  Enjoy convenient 24/7 access to your account online at Navient.com.  Get loan details and update account information including email address and permissions to receive correspondence by email.

**Questions?** You're welcome to visit us online at Navient.com, or call us toll free at 866-272-5543.  We're here to help you Monday - Thursday 8 a.m. to 9 p.m., and Friday from 8 a.m. to 8 p.m., ET.

We appreciate the opportunity to help you navigate the path to financial success.

Sincerely,

Navient Customer Service

Enclosures

PHONE (800) 766-7242          FAX (800) 848-1949                          TDD/TTY (888) 833-7552          Navient.com

Para comunicarse en Español con 'Atención al Cliente',
llame gratis al (800) 766-7242, y marque el numero correspondiente.

S008          SYSTEM          9          .001.                          *9256426416105774566*

# NAVIENT

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500

(888) 272-5543
09/27/15

KARI L LYONS
32085 N NORTH BUTTE
DR
QUEEN CREEK AZ 85142-6730

INVOICE
MAKE CHECK PAYABLE TO:
Navient
SEND CHECKS TO OUR PAYMENT ADDRESS:
PO BOX 9533
WILKES-BARRE, PA 18773-9533
ACCOUNT NUMBER:
9258426416-1

CURRENT PHONE IS  (480) 297-6726
Changed your address or phone number?
Please visit Navient.com to update your information.
Please detach and return with payment

| PAYMENT DUE DATE | TOTAL PAST DUE AMOUNT | TOTAL AMOUNT DUE |
|---|---|---|
| IMMEDIATELY | $347.40 | $483.75 |

0210683407 16   9258426416 9   000034740

## Your Payment is Seriously Overdue
## Let Us Help You Bring Your Account Up to Date

Your loan payment is now 85 days past due. This is a serious situation; however, it's not too late to catch up!
Call today to bring your account current and to prevent your account from falling further past due.

Here are three convenient ways to make your payment today:

* Online:  Navient.com
* By phone:  888-272-5543
* By mail:  using the attached coupon

If you're experiencing financial difficulty, options may be available to help bring your account current:

* lower monthly payments provided through income-sensitive or income-based repayment plans
* payment postponement, such as deferment or forbearance
* loan consolidation

Find the best option for you by calling us immediately, toll free at 888-272-5543.  We're here to help you Monday-
Thursday 8 a.m. to 9 p.m., Friday 8 a.m. to 5 p.m., and Saturday 8 a.m. to Noon, ET.

Take action today to bring your account up to date.

Sincerely,


Navient Collections


Important disclosure(s)

If this is your first time applying, your eligible loan(s) may be placed in an administrative forbearance in order to
allow you time to gather any required information and submit your completed application, not to exceed 60
calendar days from the date of this letter. During this administrative forbearance, no payments will be due, but
interest will continue to accrue. Please note that, as a result of this additional interest, your monthly payment
amount may be increased in order to ensure that your loan(s) is paid off within the remaining term under the
Promissory Note(s).

PHONE (888) 272-5543          FAX (800) 848-1949                         TDD/TTY (888) 833-7562          Navient.com
Para comunicarse en Español con 'Atención al Cliente',
llame gratis al (888) 272-5543, y marque el numero correspondiente.                      "9258426416 897 1290"

D025          SYSTEM          S                    8001

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

Payments pursuant to a disputed sum or balance and/or regarding which you demand complete or partial satisfaction for a loan must be sent to: Navient, P.O. Box 3800, Wilkes-Barre, PA 18773-3800, with a description of the alleged dispute and the remedy sought. As provided in the underlying loan note(s), Navient reserves the right to accept the payment and deny the requested relief whether or not it returns or refunds such payments.

Loan Information

Please refer to your most recent billing statement for details. Loans listed below are the loans referred to in this letter

| LOAN DATE | ORIGINAL LOAN AMOUNT | OUTSTANDING PRINCIPAL | INTEREST RATE | LOAN PROGRAM |
|-----------|----------------------|-----------------------|---------------|--------------|
| 10/15/03 | $ 26,823.00 | $ 19,123.63 | 3.750 | SM |
| 10/15/03 | $ 506.00 | $ 409.16 | 3.750 | SM |

# NAVIΞNT

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500

(888) 272-5543
10/31/15

KARI L LYONS
32085 N NORTH BUTTE
DR
QUEEN CREEK AZ 85142-6730

INVOICE
MAKE CHECK PAYABLE TO:
Navient
SEND CHECKS TO OUR PAYMENT ADDRESS:
PO BOX 9533
WILKES-BARRE, PA 18773-9533
ACCOUNT NUMBER:
9258428416-1

CURRENT PHONE IS (000) 000-0000

Changed your address or phone number?

Please visit Navient.com to update your information.

(Please detach and return with payment)

021068340716  92584264169  000046320

| PAYMENT DUE DATE | TOTAL PAST DUE AMOUNT | TOTAL AMOUNT DUE |
|---|---|---|
| IMMEDIATELY | $463.20 | $685.50 |

**Your Loan Is Seriously Delinquent
Avoid Further Impact to Your Credit Rating
Call Today to Discuss Payment Options**

This is a serious situation. Your loan payment is 120 days past due. Please call us today at 888-272-5543 to discuss payment options. Depending on your loan program, you may be eligible for payment options that:

- Reduce your monthly payment through income-sensitive, income-based or other repayment plans
- Suspend payments through deferment; for example, while you're in school, unemployed, or experiencing financial hardship
- Postpone your payment through forbearance

You may also consider loan consolidation.

If you default, your loan(s) becomes immediately due in full and will be assigned to the agency that guarantees your loan(s). Additional consequences of default include further damage to your credit rating and the default will be reported to all consumer reporting agencies. The agency that guarantees your loan(s) also may:

- offset your future state and federal income tax refunds,
- offset other future payments made to you by the federal government,
- garnish your wages, as permitted by law, and
- assign the loan(s) to the federal government to pursue litigation against you.

**Please take action to bring your account up to date. Call us toll free at 888-272-5543 to discuss the best option for you.**

We're here to help you Monday-Thursday 8 a.m. to 9 p.m., Friday 8 a.m. to 5 p.m., and Saturday 8 a.m. to 12 p.m., ET.

Sincerely,

Navient Collections

**Important disclosure(s)**

PHONE (888) 272-5543          FAX (800) 848-1949                    TDD/TTY (888) 833-7562          Navient.com

Para comunicarse en Español con 'Atención al Cliente',
llame gratis al (888) 272-5543, y marque el número correspondiente.

D076          SYSTEM          5          8503



EXHIBIT 4

TransUnion

2/20/16, 3:67 PM

| Responsibility: | Individual Account | Date Updated: | 05/31/2013 | | |
| Account Type: | Installment Account | Last Payment Made: | | Terms: | Agreed |
| | | High Balance: | | | $0 per month, paid Monthly for |
| Loan Type: | | | | | 60 months |
| | | | | Date Closed: | 05/31/2013 |

**Remarks:** >CHAPTER 13 BANKRUPTCY<; CLOSED
**Estimated month and year that this item will be removed:** 01/2017.

| Rating | | | | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|--|--|--|

| Rating | | | | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|--|--|--|

| Rating | | | | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|--|--|--|

| Rating | | | | | | | | | | | | |
|--------|--|--|--|--|--|--|--|--|--|--|--|--|

| Rating | | |
|--------|--|--|



PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070

| Date Opened: | 08/23/2003 | Balance: | $0 | Pay Status: | >Account Included in |
| Responsibility: | Individual Account | Date Updated: | 02/07/2016 | | Bankruptcy< |
| Account Type: | Revolving Account | Last Payment Made: | 03/09/2015 | Terms: | Paid Monthly |
| Loan Type: | | High Balance: | | Date Paid: | 03/09/2015 |
| | | Credit Limit: | | | |

**Remarks:** >CHAPTER 13 BANKRUPTCY<; CLOSED BY CREDIT GRANTOR
**Estimated month and year that this item will be removed:** 10/2016

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | X | X | X | X | X | X | X | X | X | X | X | X |
|--------|---|---|---|---|---|---|---|---|---|---|---|---|

| Rating | N/R | X | X | X | X | X | X | X | X | X | X | X |
|--------|-----|---|---|---|---|---|---|---|---|---|---|---|

| Rating | | |
|--------|--|--|

## NAVIENT #9258426161000****

PO BOX 9500
WILKES-BARRE, PA 18773
(888) 272-5543

| Date Opened: | 10/15/2003 | Date Updated: | 01/31/2016 | Pay Status: | >Account 120 Days Past Due |
| Responsibility: | Individual Account | Payment Received: | $0 | | Date< |

https://annualcreditreport.transunion.com/coss/common/viewReportCRS3.jsp?cb=FA

TransUnion

2/20/16, 3:57 PM

| | |
|---|---|
| **Account Type:** | Installment Account |
| **Loan Type:** | STUDENT LOAN |

| | |
|---|---|
| **Terms:** | $115 per month, paid Monthly for 240 months |

> High Balance: High balance of $29,329 from 06/2015 to 01/2016

Account Sale Info: ACCOUNT PURCHASED FROM WELLS FARGO BANK NA

> Maximum Delinquency of 120 days in 10/2015 for $462 and in 01/2016 for $810 <

Estimated month and year that this item will be removed: 07/2022.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Balance** | $20,066 | $19,995 | $19,926 | $19,360 | $19,791 | $19,724 | $19,655 | $19,586 | |
| **Scheduled Payment** | $115 | $115 | $115 | $115 | $115 | $115 | $115 | $115 | |
| **Amount Paid** | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | |
| **Past Due** | $810 | $694 | $578 | $462 | $0 | $0 | $0 | $0 | |
| **Rating** | | | | | | | | | |

## PA HIGHER EDU/AES   #59318311****

POB 61047
HARRISBURG, PA 17106
(800) 233-0557

| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 04/09/2010 | **Balance:** | $0 | **Pay Status:** | >Account Included in Bankruptcy< |
| **Responsibility:** | Individual Account | **Date Updated:** | 01/19/2015 | | |
| **Account Type:** | Open Account | **Last Payment Made:** | 04/29/2010 | **Date Closed:** | 06/21/2010 |
| **Loan Type:** | STUDENT LOAN | **High Balance:** | $17,080 | | |
| | | **Original Creditor:** | WELLS FARGO ELT (Educational) | | |

Remarks: >CHAPTER 13 BANKRUPTCY<; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE

Estimated month and year that this item will be removed: 01/2017

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R | N/R |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Rating** | N/R | N/R | N/R | N/R | N/R | N/R | N/R |



| | | | | | |
|---|---|---|---|---|---|
| **Date Opened:** | 08/07/2006 | **Balance:** | $0 | **Pay Status:** | >Account Included in Bankruptcy< |
| **Responsibility:** | Individual Account | **Date Updated:** | 01/27/2015 | | |
| **Account Type:** | Revolving Account | **Last Payment Made:** | 09/11/2009 | **Terms:** | Paid Monthly |
| **Loan Type:** | | **High Balance:** | | **Date Closed:** | 12/28/2009 |
| | | **Credit Limit:** | | **Date Paid:** | 09/11/2009 |

Remarks: >CHAPTER 13 BANKRUPTCY<

Estimated month and year that this item will be removed: 08/2016

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Rating** | X | X | X | X | X | X | X | X | X | X | X |



EXHIBIT 5

Kari Ramon

7931 E San Miguel Ave. Unit 8, Scottsdale AZ 85250

Navient
PO Box 9500
Wilkes Barre, PA 18773

Navient
300 Continental Dr.
Newwark, DE 19713-4322

February 28, 2016

To whom it may concern,

This is in regards to the account 92584264161000****.  I recently received my credit report and found your information as an account reporting past due on my report. The loan information stated Navient purchased the loan from Wells Fargo. However, when Navient purchased the loan from Wells Fargo, I was in bankruptcy proceedings. I filed bankruptcy in 2010 and discharged in 2015. This loan was one of the loans in that proceeding. I have never received any information from your company, no letter, no phone call, or any bill. Your company has negatively impacted my credit report without attempting to rectify the situation.  It is unclear why Navient works in this manner. I have also have spoken to my bankruptcy attorney and because the Wells Fargo account was included in my bankruptcy, I can file a contempt of court of this matter if it cannot be resolved. It is unclear why Navient would take over a loan that was involved in bankruptcy. Also, this loan information was not on my May 2015 credit report that I received from all 3 credit agencies.

For your convenience, I have enclosed a copy of the order of discharge from the bankruptcy proceedings listing "Wells Fargo Educational Services" loan being discharged. Additionally, I have included a copy of "Schedule F" of the petition for bankruptcy where the Wells Fargo loan that was subsequently purchased by Navient is listed.

I am requesting this matter inflicted by Navient be resolved in a reasonable time frame by contacting all credit agencies and removing this debt and fully addressing the error made. Navient's actions have significantly affected my credit score and my ability to obtain credit to purchase a home and vehicle.  I would appreciate this matter being addressed.

Kari Ramon



EXHIBIT 6

Kari Ramon

7931 E San Miguel Ave Unit 8, Scottsdale, AZ, 85250

TransUnion Consumer Relations
P.O.Box 2000
Chester, PA 19016-2000

File Number: 335237703

February 28, 2016

To whom it may concern,

This letter is in regards to a dispute I filed online. The file number is above and I have attached documentation showing the accounts that were discharged with my bankruptcy. I have never had a loan with Navient and it appears from my credit report that they purchased the loan from Wells Fargo while I was in my bankruptcy (2010 through 2015). I have attached my discharged paperwork showing the Wells Fargo Education loan and it clearly states that I was discharged from this account. It is very conflicting as well because I finished school in 2001. I will be sending Navient and Wells Fargo a letter to inform them of such proceedings. I have also been in contact with my bankruptcy attorney and they have stated if the issue is not able to be resolved/removed from my credit report, I will be able to file a contempt of court proceeding with the creditor since it was included in my bankruptcy. If you require any other information please let me know. It is my goal to improve my credit and rectify the situation. I have never received a bill, phone call, or letter about this account from Navient and it is alarming to me that it has been put on my credit report. I have attached copies of my identification. The address above is my current mailing address. I currently still use the PO Box 13066, Chandler, AZ 85248, however I will slowly stop using that address. I have attached a utility bill that is in my husband's name. I have attached a copy of my record of marriage to show that is true. If you require any other information in order to fix this dispute, please let me know.

Thank you for your time,

Kari Ramon



EXHIBIT 7

Kari Ramon

7931 E San Miguel Ave, Unit 8, Scottsdale AZ 85250

Navient
PO Box 9500
Wilkes Barre, PA 18773

Navient
300 Continental Dr.
Newwark, DE 19713-4322

February 28, 2016

To whom it may concern,

This is in regards to the account 92584264161000****. I recently received my credit report and found your information as an account reporting past due on my report. The loan information stated Navient purchased the loan from Wells Fargo. However, when Navient purchased the loan from Wells Fargo, i was in bankruptcy proceedings. I filed bankruptcy in 2010 and discharged in 2015. This loan was one of the loans in that proceeding. I have never received any information from your company, no letter, no phone call, or any bill. Your company has negatively impacted my credit report without attempting to rectify the situation. It is unclear why Navient works in this manner. i have also have spoken to my bankruptcy attorney and because the Wells Fargo account was included in my bankruptcy, I can file a contempt of court of this matter if it cannot be resolved. It is unclear why Navient would take over a loan that was involved in bankruptcy. Also, this loan information was not on my May 2015 credit report that I received from all 3 credit agencies.

For your convenience, I have enclosed a copy of the order of discharge from the bankruptcy proceedings listing "Wells Fargo Educational Services" loan being discharged. Additionally, I have included a copy of "Schedule F" of the petition for bankruptcy where the Wells Fargo loan that was subsequently purchased by Navient is listed.

I am requesting this matter inflicted by Navient be resolved in a reasonable time frame by contacting all credit agencies and removing this debt and fully addressing the error made. Navient's actions have significantly affected my credit score and my ability to obtain credit to purchase a home and vehicle. I would appreciate this matter being addressed.

Kari Ramon

B18W (Form 18W) (08/07)

# United States Bankruptcy Court

District of Arizona

Case No. 2:10-bk-03940-MCW

Chapter 13

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
KARI L RAMON
fka KARI L LYONS
PO BOX 13066
CHANDLER, AZ 85248

Social Security / Individual Taxpayer ID No.:

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

IT IS ORDERED:

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/3/15

Madeleine C. Wanslee
United States Bankruptcy Judge

SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

Case 2:10-bk-03940-MCW   Doc 49   Filed 03/03/15   Entered 03/03/15 10:43:54   Desc
Discharge   Ch 13   Page 1 of 2

B6F (Official Form 6F) (12/07) - Cont.

In re   **KARI L RAMON**

_____ Case No. _____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J/C | | | | | |
| Account No. XXXX-XXXX-XXXX-4634 | | | | | | | | | |
| Wells Fargo Servicing Center MAC #Q2132-013 PO Box 94423 Albuquerque, NM 87199-9833 | | | | | Representing: Wells Fargo Card Services | | | | Notice Only |
| Account No. xxxxxx4390 | | | | | Student Loan | | | | |
| Wells Fargo Education Financial Services PO Box 5156 Sioux Falls, SD 57117-5156 | | | | | | | | | 13,415.19 |
| Account No. | | | | | 5856373221435175 Credit Service - disputed as to the amount of late fees, overlimit fees, interest fees, late charges or any other additional fees or charges | | | | 2,654.40 |
| Account No. xxxxxxxxxxx5175 | | | | | | | | | |
| WFNNB/Crate and Barrel PO Box 2584 Mission, KS 66201 | | | | | | | | | |
| WFNNB/Crate and Barrel PO Box 2974 Mission, KS 66201 | | | | | Representing: WFNNB/Crate and Barrel | | | | Notice Only |
| Account No. | | | | | | | | | |
| | | | | | | | | | |

Sheet no. **5** of **5** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | 16,069.59 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 106,537.24 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

*Form 18W (08/07)*

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

Case 2:10-bk-03940-MCW   Doc 49   Filed 03/03/15   Entered 03/03/15 10:43:54   Desc
Discharge   Ch 13   Page 2 of 2

## Notice Recipients

| District/Off: 0970-2 | User: medinad | Date Created: 3/3/2015 |
| Case: 2:10-bk-03940-MCW | Form ID: b18w | Total: 50 |

Recipients of Notice of Electronic Filing:
aty        JOHN JOSEPH VOLIN        joe@volinlaw.com

TOTAL: 1

Recipients submitted to the BNC (Bankruptcy Noticing Center):
db     KARL RAMON         PO BOX 13066         CHANDLER, AZ 85248
tr     RUSSELL BROWN       CHAPTER 13 TRUSTEE      SUITE 800      3838 NORTH CENTRAL
       AVENUE      PHOENIX, AZ 85012-1965
cr     CAPITAL ONE AUTO FINANCE DEPARTMENT        P.O. BOX 201347      ARLINGTON, TX 76006
cr     ARIZONA DEPARTMENT OF REVENUE        SPECIAL OPERATIONS UNIT      1600 W
       MONROE      PHOENIX, AZ 85007
cr     AESPHEAA        PO BOX 8147        HARRISBURG, PA 17105
cr     ECMC       P.O. Box 79906       St. Paul, MN 55175
cr     East Bay Funding, LLC       c/o Resurgent Capital Services      PO Box 288      GREENVILLE, SC 29602
sty    RUSSELL BROWN       CHAPTER 13 TRUSTEE       SUITE 800      3838 NORTH CENTRAL
       AVENUE      PHOENIX, AZ 85012-1965
smg    AZ DEPARTMENT OF REVENUE        BANKRUPTCY &LITIGATION      1600 W. MONROE, 7TH
       FL       PHOENIX, AZ 85007-2650
9285113    AESPHEAA       PO Box 8147       Harrisburg PA 17105
8919684    ARIZONA DEPARTMENT OF REVENUE        SPECIAL OPERATIONS UNIT 7TH FLOOR      1600 W.
       MONROE      PHOENIX AZ 85007
8942966    ASCENSION CAPITAL GROUP INC        ATTN: CAPITAL ONE AUTO FINANCE DEPT      PO BOX
       201347      ARLINGTON TX 76006
8905756    American Express      PO Box 297628      Fort Lauderdale FL 33329-7819
8905755    American Express      PO Box 297879      Fort Lauderdale FL 33329-7819
8905754    American Express      PO Box 981535      El Paso TX 79998-1535
90302269   American Express Bank FSB      c/o Becket and Lee LLP       POB 3001      Malvern PA 19355-0701
9099315    American Infosource Lp As Agent for       World Financial Network National Bank As      Credit card
       Barrel      PO Box 248872       Oklahoma City, OK 73124-8872
8905757    Bank of America      PO Box 1598       Norfolk VA 23501
8905758    Barz &Associates      3936 E Fort Lowell Road       Tucson AZ 85712-1093
9190774    CR Evergreen, LLC       MS 550      PO Box 91121       Seattle, WA 98111-9221
8905759    Capital One Auto Finance      3905 N Dallas Parkway       Plano TX 75093
8905760    Capital One Auto Finance      PO Box 255605       Sacramento CA 95865-5605
8947203    Capital One Auto Finance, c/o Ascension Capital Gr       P.O. Box 201347      Arlington, TX 76006
8905761    Capital One Bank       PO Box 30285       Salt Lake City UT 84130-0285
9309157    Capital One Bank (USA), N.A.       by American Infosource Lp As Agent       PO Box 71083       Charlotte, NC
       28272-1083
9390174    ECMC        LOCKBOX #8682       P.O. Box 16478       Saint Paul, MN 55116-0478
10995324   East Bay Funding, LLC       c/o Resurgent Capital Services      PO Box 288       Greenville, SC 29602
8905762    Encore Receivable Management       400 N Rogers Road       PO Box 3330       Olathe KS 66063-3330
8905764    GEMB/Banana Republic      PO Box 981080      El Paso TX 79998-1080
8905763    GEMB/Banana Republic      PO Box 981064      El Paso TX 79998-1064
8905763    GEMB/GAP       PO Box 981400      El Paso TX 79998-1064
8905766    HSBC Best Buy       PO Box 15521      Wilmington DE 19805
9412739    PRA Receivables Management, LLC        As Agent Of Portfolio Recovery Assoc.      PO Box
       12914       NORFOLK VA 23541
8967001    USAA FEDERAL SAVINGS BANK        C O WEINSTEIN AND RILEY, PS      2001 WESTERN AVENUE,
       STE 400      SEATTLE, WA 98121
8905768    USAA Savings Bank      10750 McDermott Frwy       San Antonio TX 78288-0570
8905767    USAA Savings Bank       P.O. Box 14059      Las Vegas NV 89114-4059
9041645    WACHOVIA, BONY ELT        AESPHEAA       PO BOX 8183       HARRISBURG PA 17105
8905777    WFNNB/Crate and Barrel       PO Box 2974      Mission KS 66201
8905776    WFNNB/Crate and Barrel       PO Box 2984      Mission KS 66201
8905760    Wachovia       American Education Services      Harrisburg PA 17130-0001
8926705    Wells Fargo Bank NA       PO Box 10438 MAC X2505-016      Des Moines IA 50306
8905770    Wells Fargo Bank, N.A.       PO Box 54780       Los Angeles CA 90054-0780
8917933    Wells Fargo Bank, N.A.      c/o Wells Fargo Card Services      Recovery Department      P.O. Box
       9210       Des Moines IA 50306
8905771    Wells Fargo Card Services       PO Box 10347       Des Moines IA 50306
8905772    Wells Fargo Card Services       PO Box 9210       Des Moines IA 50306
8932164    Wells Fargo EFS      201 E 58th St North       PO Box 5185       Sioux Falls SD 57117
8905773    Wells Fargo Education Financial Services      PO Box 5156       Sioux Falls SD 57117-5156
8905774    Wells Fargo Servicing Center       MAC #Q2132-013      PO Box 94423      Albuquerque NM
       87199-9833
8905775    Wells Fargo Servicing Center       MAC Q2132-013      PO Box 94423      Albuquerque NM
       87199-9833

Case 2:10-bk-03940-MCW   Doc 49-1   Filed 03/03/15   Entered 03/03/15 10:43:54   Desc
Discharge   Ch 13: Notice Recipients      Page 1 of 2



EXHIBIT 8

NAVI=NT

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500                         (888) 272-5543

KARI L LYONS
32085 N NORTH BUTTE
DR
QUEEN CREEK AZ 85142-6730                  Account Number:    9258406416-1

Dear KARI L LYONS:                                               03/25/16

Recently, we received a notice from one or more consumer reporting agencies indicating that the above loan is
not yours or may be the result of identity theft.  We have performed an investigation and concluded that the
information we've provided regarding this loan to the consumer reporting agencies is valid.

If you still believe that the loan is not yours or that the loan is a result of identity theft, please call our Fraud
Department at the number below.  Otherwise, you'll continue to be responsible for repayment of the debt and we
may continue to report the information to the consumer reporting agencies.

To discuss this allegation and provide us with additional information for reinvestigation, call us toll free at 800-891-
1391. We're here to help you Monday – Friday 8 a.m. to 5 p.m., ET.

Sincerely,

Navient Identity Theft and Forgery Investigations

PHONE (888) 272-5543          FAX (800) 848-1949          TDD/TTY (877) 713-3933      Navient.com

Para comunicarse en Español con 'Atención al Cliente',
llame gratis al (888) 272-5543, y marque el número correspondiente



EXHIBIT 9

NAVI=NT

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500

(888) 272-5543

KARI L LYONS
32005 N NORTH BUTTE
DR
QUEEN CREEK AZ 85142-6730

Account Number:   9258426416-1

Dear KARI L LYONS:

03/26/16

Recently, we received a notice from one or more consumer reporting agencies indicating that the above loan is not yours or may be the result of identity theft.  We have performed an investigation and concluded that the information we've provided regarding this loan to the consumer reporting agencies is valid.

If you still believe that the loan is not yours or that the loan is a result of identity theft, please call our Fraud Department at the number below.  Otherwise, you'll continue to be responsible for repayment of the debt and we may continue to report the information to the consumer reporting agencies.

To discuss this allegation and provide us with additional information for reinvestigation, call us toll free at 800-891-1391. We're here to help you Monday – Friday 8 a.m. to 5 p.m., ET.

Sincerely,

Navient Identity Theft and Forgery Investigations

PHONE (888) 272-5543          FAX (800) 848-1949          TDD/TTY (877) 713-3833      Navient.com

Para comunicarse en Español con 'Atención al Cliente',
llame gratis al (888) 272-5543, y marque el numero correspondiente.

9258-26416105754493

4155          EN3306          S          R545



EXHIBIT 10

30 days past due as of Nov 2009
Debt included in Chapter 13 Bankruptcy on Feb 17, 2010

**NAVIENT**

Address:
PO BOX 9500
WILKES BARRE, PA 18773
*No phone number available*
Address Identification Number:
0684632758

Account Number:
9258426416100042003....

Status:  Open. $1,041 past due as of Mar 2016.

Status Details:  By Jul 2022, this account is scheduled to go to a positive status.

| | |
|---|---|
| Date Opened:<br>10/2003 | Type:<br>Education |
| Reported Since:<br>06/2015 | Terms:<br>240 Months |
| Date of Status:<br>12/2015 | Monthly Payment:<br>$115 |
| Last Reported:<br>03/2016 | Responsibility:<br>Individual |

Credit Limit/Original Amount:
$29,329
High Balance:
NA
Recent Balance:
$20,193 as of 03/2016
Recent Payment:
$0

Your Statement:

Completed investigation of FCRA dispute - consumer disagrees.

**Payment History:**

| 2016 | | | 2015 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | | |
| 180 | 180 | 180 | 180 | 150 | 120 | OK | OK | OK | OK | | |

**Account History:**
180 days past due as of Dec 2015 to Mar 2016
150 days past due as of Nov 2015
120 days past due as of Oct 2015

**Balance History** - The following data will appear in the following format:
*account balance / date payment received / scheduled payment amount / actual amount paid.*
Feb 2016: $20,131 / no data / $115 / no data
Jan 2016: $20,066 / no data / $115 / no data
Dec 2015: $19,996 / no data / $115 / no data
Nov 2015: $19,928 / no data / $115 / no data
Oct 2015: $19,860 / no data / $115 / no data
Sep 2015: $19,791 / no data / $115 / no data
Aug 2015: $19,724 / no data / $115 / no data
Jul 2015: $19,655 / no data / $115 / no data
Jun 2015: $19,586 / no data / $115 / no data

The original amount of this account was $29,329

Address:

Account Number:

Address Identification Number:

Status:  Discharged through Bankruptcy Chapter 13.

Status Details:  This account is scheduled to continue on record until Oct 2016.
This item was updated from our processing of your dispute in May 2015.

| | |
|---|---|
| Date Opened:<br>08/2006 | Type:<br>Credit card |
| Reported Since:<br>08/2006 | Terms:<br>NA |
| Date of Status:<br>02/2010 | Monthly Payment:<br>$0 |

Credit Limit/Original Amount:

High Balance:

Recent Balance:
$0 as of 03/2016



EXHIBIT 11

# Kari Ramon

7384 E San Miguel Ave Unit 8• Scottsdale, AZ 85250• Phone: 480-690-9364 •

Date: April 25, 2016

Navient
P.O. Box 9500
Wilkes Barre, PA  18773

Account number: 9258426416100042003**

To whom to may concern,

This is my second letter regarding this account. The first letter, which I attached, was sent in February. I have not received any information to this date from your company. I obtained your information through my credit report. I have never had any communication with Navient about a loan in my name. I have not received any documentation to the extent of this loan during or after my bankruptcy was discharged. Again, your company has negatively impacted my credit report without attempting to rectify the situation. It is unclear as to why Navient works in this manner. I will be working with my attorney in this matter, as it is important for me to resolve the situation and have the false reporting removed from my credit report. I have had no communication with Navient even though I have attempted to do so.

Kari Ramon
Last 4 of SSN: ▓▓▓▓



EXHIBIT 12

# Kari Ramon

7941 E San Miguel Ave Unit 8* Scottsdale, AZ 85253** Phone: 808-284-1061 * 

Date: April 25, 2016

Navient
P.O. Box 9500
Wilkes Barre, PA  18773

Account number:  9258426416106042003*-*

To whom it may concern,

This is my second letter regarding this account. The first letter, which I attached, was sent in February. I have not received any information to this date from your company. I obtained your information through my credit report. I have never had any communication with Navient about a loan in my name. I have not received any documentation to the extent of this loan during or after my bankruptcy was discharged. Again, your company has negatively impacted my credit report without attempting to rectify the situation. It is unclear as to why Navient works in this manner. I will be working with my attorney in this matter, as it is important for me to resolve the situation and have the false reporting removed from my credit report. I have had no communication with Navient even though I have attempted to do so.

Kari Ramon
Last 4 of SSN: 

Kari Ramon

7931 E San Miguel Ave. Unit 8, Scottsdale, AZ 85250

Navient
PO Box 9500
Wilkes Barre, PA 18773

Navient
300 Continental Dr.
Newwark, DE 19713-4322

February 28, 2016

To whom it may concern,

This is in regards to the account 92584264161000****. I recently received my credit report and found your information as an account reporting past due on my report. The loan information stated Navient purchased the loan from Wells Fargo. However, when Navient purchased the loan from Wells Fargo, I was in bankruptcy proceedings. I filed bankruptcy in 2010 and discharged in 2015. This loan was one of the loans in that proceeding. I have never received any information from your company, no letter, no phone call, or any bill. Your company has negatively impacted my credit report without attempting to rectify the situation. It is unclear why Navient works in this manner. I have also have spoken to my bankruptcy attorney and because the Wells Fargo account was included in my bankruptcy, I can file a contempt of court of this matter if it cannot be resolved. It is unclear why Navient would take over a loan that was involved in bankruptcy. Also, this loan information was not on my May 2015 credit report that I received from all 3 credit agencies.

For your convenience, I have enclosed a copy of the order of discharge from the bankruptcy proceedings listing "Wells Fargo Educational Services" loan being discharged. Additionally, I have included a copy of "Schedule F" of the petition for bankruptcy where the Wells Fargo loan that was subsequently purchased by Navient is listed.

I am requesting this matter inflicted by Navient be resolved in a reasonable time frame by contacting all credit agencies and removing this debt and fully addressing the error made. Navient's actions have significantly affected my credit score and my ability to obtain credit to purchase a home and vehicle. I would appreciate this matter being addressed.

Kari Ramon

**Loan Servicing Center**
**Executive Office**
PO Box 5119
Sioux Falls, SD 57117-5119
1-888-299-4179
Fax 1-800-456-0743

March 22, 2016

Kari Lyons (Ramon)
7931 E San Miguel Ave Unit 8
Scottsdale AZ 85250

Subject: Your letter dated March 13, 2016
Loan number: 0098144890

Dear Kari Lyons (Ramon):

Thank you for contacting Wells Fargo Education Financial Services about the student loan above. I appreciate the time you took to write with your concerns.

**Bankruptcy**

Upon receiving notification that your bankruptcy was discharged on March 3, 2015, we wrote off the remaining balance of your loan, totaling $10,381.46. We did not sell this loan to Navient or any other third party servicer during your bankruptcy.

**Credit reporting**

Wells Fargo is dedicated to helping our customers achieve financial success. We understand how important your credit report is to you; that is one of the reasons why we ensure the accuracy of all information we send to the credit reporting agencies.

Upon a review of your account, I determined the information we have reported to the national credit reporting agencies is correct.

Please keep in mind that we are regulated and governed by federal law, part of which includes compliance with the Fair Credit Reporting Act to report accurate information to the national credit reporting agencies each month. Due to these regulations, we are not able to remove correct information from your credit report.

If Navient or any other student loan servicer is reporting information you disagree with to the credit reporting agencies, please contact those servicers directly.

I hope this information helps address your concerns. If you have additional questions or concerns about this matter, please contact me directly at the address listed above or call me at 605-575-5407, Monday - Friday, 7:00 a.m. to 3:30 p.m. Central Time. You can also call a Recovery Representative at 1-888-299-4179, Monday - Thursday, 7:00 a.m. to 8:00 p.m., and Friday, 7:00 a.m. to 5:00 p.m. Central Time.



The Loan Servicing Center is managed by Wells Fargo Bank, N.A.

B18W (Form 18W) (08/07)

# United States Bankruptcy Court

District of Arizona

Case No. 2:10-bk-03940-MCW

Chapter 13

In re Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
KARI L RAMON
fka KARI L LYONS
PO BOX 13066
CHANDLER, AZ 85248

Social Security / Individual Taxpayer ID No.:

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

IT IS ORDERED:

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 3/3/15

Madeleine C. Wanslee
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.



Case 2:10-bk-03940-MCW    Doc 49    Filed 03/03/15    Entered 03/03/15 10:43:54    Desc
Discharge    Ch 13    Page 1 of 2

Form 18F (02/07)

## EXPLANATION OF BANKRUPTCY DISCHARGE
### IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts That are Not Discharged

Some of the common types of debts which are **not** discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

## Notice Recipients

District/Off: 0970-2                    User: medinad                    Date Created: 3/3/2015
Case: 2:10-bk-03940-MCW                 Form ID: b18w                    Total: 50

Recipients of Notice of Electronic Filing:
aty    JOHN JOSEPH VOLIN          joe@volinlaw.com

TOTAL: 1

Recipients submitted to the BNC (Bankruptcy Notice Center):
cr     KARIL RAMON          PO BOX 13066          CHANDLER, AZ 85248
tr     RUSSELL BROWN          CHAPTER 13 TRUSTEE          SUITE 800          3838 NORTH CENTRAL
       AVENUE          PHOENIX, AZ 85012-1965
cr     CAPITAL ONE AUTO FINANCE DEPARTMENT          P.O. BOX 201347          ARLINGTON, TX 76006
cr     ARIZONA DEPARTMENT OF REVENUE          SPECIAL OPERATIONS UNIT          1600 W
       MONROE          PHOENIX, AZ 85007
cr     AES/PHEAA          PO BOX 8147          HARRISBURG, PA 17105
cr     ECMC          P.O. Box 75906          St. Paul, MN 55173
aty    East Bay Funding, LLC          c/o Resurgent Capital Services          PO Box 288          GREENVILLE, SC 29603
aty    RUSSELL BROWN          CHAPTER 13 TRUSTEE          SUITE 800          3838 NORTH CENTRAL
       AVENUE          PHOENIX, AZ 85012-1965
smg    AZ DEPARTMENT OF REVENUE          BANKRUPTCY LITIGATION          1600 W. MONROE, 7TH
       FL          PHOENIX, AZ 85007-2650
9285113    AES/PHEAA          PO Box 8147          Harrisburg PA 17105
9319684    ARIZONA DEPARTMENT OF REVENUE          SPECIAL OPERATIONS UNIT 7TH FLOOR          1600 W.
       MONROE          PHOENIX, AZ 85007
8942966    ASCENSION CAPITAL GROUP INC          ATTN: CAPITAL ONE AUTO FINANCE DEPT          PO BOX
       201347          ARLINGTON TX 76006
8905736    American Express          PO Box 297858          Fort Lauderdale FL 33329-7879
8905755    American Express          PO Box 297879          Fort Lauderdale FL 33329-7879
8905754    American Express          PO Box 981535          El Paso TX 79998-1535
9050269    American Express Bank FSB          c/o Becket and Lee LLP          POB 3001          Malvern PA 19355-0701
9093315    American Infosource Lp As Agent for          World Financial Network National Bank As          Crate and
       Barrel          PO Box 248872          Oklahoma City, OK 73124-8872
8905757    Bank of America          PO Box 1598          Norfolk VA 23501
8905758    Bank of America          3936 E Fort Lowell Road          Tucson AZ 85712-1083
9190774    CR Evergreen, LLC          MS 550          PO Box 9112J          Seattle, WA 98111-9221
8905759    Capital One Auto Finance          3905 N Dallas Parkway          Plano TX 75093
8905760    Capital One Auto Finance          PO Box 255605          Sacramento CA 95865-5605
8547320    Capital One Auto Finance, c/o Ascension Capital Gr          P.O. Box 201347          Arlington, TX 76006
8905761    Capital One Bank          PO Box 30285          Salt Lake City UT 84130-0285
9309337    Capital One Bank (USA) N.A.          by American Infosource Lp As Agent
       28272-1083          
9390174    ECMC          LOCKBOX 88682          P.O. Box 16478          Charlotte, NC
10995324   East Bay Funding, LLC          c/o Resurgent Capital Services          Saint Paul, MN 55116-0178
8905762    Encore Receivable Management          PO Box 288          Greenville, SC 29603
8905754    GEMB/Banana Republic          400 N Rogers Road          PO Box 3330          Olathe KS 66063-2330
8905763    GEMB/Banana Republic          PO Box 981009          El Paso TX 79998-1000
8905763    GEMBGAP          PO Box 981064          El Paso TX 79998-1064
8905766    HSBC Best Buy          PO Box 981409          El Paso TX 79998-1064
9112739    PRA Receivables Management, LLC          PO Box 13521          Wilmington DE 19805
       12914          NORFOLK VA 23541          As Agent Of Portfolio Recovery Assoc.          PO Box
8982001    USAA FEDERAL SAVINGS BANK          C/O WEINSTEIN AND RILEY, PS          2001 WESTERN AVENUE,
       STE 400          SEATTLE, WA 98121
8905768    USAA Savings Bank          10750 McDermott Frwy          San Antonio TX 78288-0570
8905767    USAA Savings Bank          P.O. Box 14050          Las Vegas NV 89114-4050
9041641    WACHOVIA BONY ELT          AES/PHEAA          PO BOX 8183          HARRISBURG PA 17105
8905777    WFNNB/Crate and Barrel          PO Box 2974          Mission KS 66201
8905776    WFNNB/Crate and Barrel          PO Box 2984          Mission KS 66201
8905769    Wachovia          American Education Services          Harrisburg PA 17130-0001
9926705    Wells Fargo Bank NA          PO Box 10438 MAC X2505-016          Des Moines IA 50306
8905770    Wells Fargo Bank NA          PO Box 54780          Los Angeles CA 90054-0780
4917935    Wells Fargo Bank NA,          c/o Wells Fargo Card Services          Recovery Department
       9210          Des Moines, IA 50306          
8905771    Wells Fargo Card Services          PO Box 10347          Des Moines IA 50306          P.O. Box
8905772    Wells Fargo Card Services          PO Box 9210          Des Moines IA 50306
1032164    Wells Fargo FDS          301 E 58th St North          Sioux Falls SD 57104
8905773    Wells Fargo Education Financial Services          PO Box 5185          Sioux Falls SD 57117-5156
       Wells Fargo Servicing Center          MAC P2122-013          PO Box 94423          Albuquerque NM
       87199-9833          
8905775    Wells Fargo Servicing Center          MAC P2122-013          PO Box 94423          Albuquerque NM
       87199-9833



EXHIBIT 13



January 16, 2017

**Kari Aslamy**
4224 N. 54th Place
Phoenix, AZ  85018

Social Security number:

Ms. Aslamy,

Enclosed is garnishment paperwork from Educational Credit Management Corporation (ECMC) representing your federally insured government student loan, which is now in "default". As your employer _____ Hospital is bound by the terms of this garnishment and to apply it against your wages as instructed.  The garnishment is effective as of the pay date **1/26/2017**.  Deductions will be processed with each biweekly payroll.

If you have any questions regarding this garnishment, please contact the Garnishor at 1-866-363-0236, which can be found on the paperwork attached.

Sincerely,

Payroll Technician

_____ al Payroll Department

Ph.: (602)
Fax: (602)

*Collection debt*
↳ *800 367 1589*
*800 367 1590*
↳ *Customer Servi₵*

ECMC



Wednesday, December 21, 2016

RECEIVED
JAN 0 3 2017
Payroll Dept.

HOSPITAL

PHOENIX AZ 85010-7710

### ORDER OF WITHHOLDING FROM EARNINGS

This Order of Withholding from Earnings ("Order") is issued on Wednesday, December 21, 2016 .

Educational Credit Management Corporation ("ECMC") is the holder of a defaulted federally insured student loan debt owed to ECMC by the employee referenced below. Pursuant to authority granted ECMC by federal law (20 U.S.C. 1095a; 34 C.F.R. §§ 682.410(b)(6)(vi), 682.410(b)(9)), you are hereby ordered to withhold wages from the employee's disposable pay for payment of defaulted student loan(s). This administrative garnishment does not require a court order as ECMC is legally authorized to issue this Order pursuant to the federal law cited above, which preempts all state laws that would conflict with or hinder the administrative wage garnishment process. 20 U.S.C. § 1095a(a); 34 C.F.R. § 682.410(b)(8).

You are required to deduct fifteen percent (15%) of the employee's disposable pay for each pay period (please consult with your attorney if multiple garnishments exist, see 15 U.S.C. § 1673).

**EMPLOYEE:**   KARI L LYONS
101 MAPLE ST APT 320
4
REDWOOD CITY CA 94063-1979

**SSN:** XXX-XX-9119

Current Balance: $25,688.99

Garnishment of the above-referenced employee pursuant to this Order must begin on the first pay period following the receipt of this Order. Wages must be withheld each regular pay period and remitted no less frequently than once each month. Administrative garnishment pursuant to this Order must continue until you receive notice from ECMC that the Order is released or suspended.

All withholding payments MUST reference the employee's name and last four digits of his/her Social Security number. Please remit payments payable to ECMC at the following address:

ECMC
Lockbox 7096
PO Box 16478
St. Paul, MN 55116-0478
ECMC Federal Tax I.D. #: 41-1778617

If you fail to comply with this Order, ECMC must sue you in state or federal court to recover from you any amount that you failed to withhold, as well as attorneys' fees, litigation costs, and, at the court's discretion, punitive damages. 20 U.S.C. § 1095a(a)(6); 34 C.F.R. § 682.410(b)(9)(P).

Please complete and return the enclosed Employer Acknowledgment of Wage Withholding form to the below address within ten (10) business days of the Order issue date.
If you have questions regarding this matter, please call 866-363-0236 or send correspondence to:

ECMC
Attention:  Wage Garnishment Administrator
111 Washington Avenue South, Ste. 1400
Minneapolis, MN  55401

EDUCATIONAL CREDIT MANAGEMENT CORPORATION
Enclosures: Employer Acknowledgment of Wage Withholding
Handbook for Employers



## EMPLOYER ACKNOWLEDGMENT OF WAGE WITHHOLDING

PHOENIX CHILDREN'S HOSPITAL
1919 E THOMAS RD
PHOENIX AZ 85016-7710

RE: KARI L LYONS                          SSN: ███████          Payroll Department

I, _____ on behalf of _____
    *Company Representative*                                      *Employer*
acknowledge receipt of the Order of Withholding From Earnings for the above named employee.

Total amount currently owed by employee: $25,688.99. The amount owed will vary over time due
to accrued interest and fees as well as payments received. Do not cease garnishment until notified
by ECMC.

Check all that apply:

[X]  Garnishment will occur. The above-named individual is an employee of this company.
     Payments of approximately $ _____ (15% of disposable pay) will be forwarded to
     ECMC on a [ ] weekly, [X] bi-weekly, [ ] semi-monthly, or [ ] monthly basis. All payments
     will be mailed to:

                    ECMC
                    Lockbox 7096
                    PO Box 16478
                    St. Paul, MN 55116-0478

[ ]  This person is no longer employed with our organization due to [ ] voluntary separation or [ ]
     involuntary separation. The date of separation was _____

     New employer if known:
     _____

     _____
     *Address*                    *City*                *State*      *Zip*
     Phone #: (_____)_____

[ ]  We cannot withhold the full amount of 15% of disposable income because the employee has a
     higher priority garnishment order. If other withholdings total less than 25% of disposable
     income, withhold the remaining amount to meet 25% maximum threshold (use AWG
     Withholding Workseet included in the Handbook for Employers).

[ ]  Existing withholding(s) are anticipated to expire on ____/____/____.

[ ]  This employee is on a leave of absence and is expected to return on ____/____/____.

[ ]  The Social Security number (SSN) and the employee name do not match. (Please contact
     ECMC at 866-363-0236 to address this issue.)

[ ]  The address this company has for this employee is different than the one listed on the Order
     of Withholding from Earnings. The address our records reflect is:

Employee's last known address:   4334 N 45 Place
                                 PHX  AZ  85018

_____     _____  (602)933-6695  (602)933-6670
*Company Representative Signature*   *Date*   *Telephone*      *Fax*

Return this form within ten (10) business days to:

          ECMC
          Attention: Wage Garnishment Administrator
          111 Washington Avenue South, Ste.
          Minneapolis, MN 55401

          Fax #: 877-645-7480

# HANDBOOK FOR EMPLOYERS

## *WAGE WITHHOLDING FOR DEFAULTED STUDENT LOANS*

### *AUTHORITY*

The following organizations have agreements with the U.S. Department of Education to participate in the Federal Family Education Loan (FFEL) Program as guaranty agencies under Section 428(b) of the Higher Education Act of 1965, as amended (HEA). Congress has authorized the guaranty agencies on this list, such as Educational Credit Management Corporation (ECMC) to collect from individuals on their defaulted federal student loans through issuing orders to administratively garnish up to fifteen percent (15%) of the individual's disposable pay. 20 U.S.C. § 1095a; 34 C.F.R. § 682.410(b)(9). This law preempts any state law that would conflict with or hinder satisfaction of the requirements of these provisions. 34 C.F.R. § 682.410(b)(8).

AMERICAN STUDENT ASSISTANCE (MASSACHUSETTS)
COLORADO STUDENT LOAN PROGRAM
EDUCATIONAL CREDIT MANAGEMENT CORPORATION
GEORGIA HIGHER EDUCATION ASSISTANCE FOUNDATION
ILLINOIS STUDENT ASSISTANCE COMMISSION
KENTUCKY HIGHER EDUCATION ASSISTANCE AUTHORITY
FINANCE AUTHORITY OF MAINE
MISSOURI DEPARTMENT OF HIGHER EDUCATION
NATIONAL STUDENT LOAN PROGRAM (NEBRASKA)
NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY
NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION
STUDENT LOANS OF NORTH DAKOTA
OKLAHOMA GUARANTEED STUDENT LOAN PROGRAM
RHODE ISLAND HIGHER EDUCATION ASSISTANCE AUTHORITY
TENNESSEE STUDENT ASSISTANCE CORPORATION
USA FUNDS
VERMONT STUDENT ASSISTANCE CORPORATION

STUDENT LOAN GUARANTEE FOUNDATION OF ARKANSAS
EDUCATION ASSISTANCE CORPORATION (SOUTH DAKOTA)
FLORIDA DEPARTMENT OF EDUCATION/OSFA
GREAT LAKES HIGHER EDUCATION CORPORATION (WI)
IOWA COLLEGE STUDENT AID COMMISSION
LOUISIANA OFFICE OF STUDENT FINANCIAL ASSISTANCE
MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
MONTANA GUARANTEED STUDENT LOAN PROGRAM
NEW HAMPSHIRE HIGHER EDUCATION ASSISTANCE FOUNDATION
NEW MEXICO STUDENT LOAN GUARANTEE CORPORATION
NORTH CAROLINA STATE EDUCATION ASSISTANCE AUTHORITY
NORTHWEST EDUCATION LOAN ASSOCIATION (NELA)
AMERICAN EDUCATION SERVICES/PHEAA
SOUTH CAROLINA STUDENT LOAN CORPORATION
TEXAS GUARANTEED STUDENT LOAN CORPORATION
UTAH HIGHER EDUCATION ASSISTANCE AUTHORITY

## THE BASIC STEPS FOR EMPLOYERS TO FOLLOW FOR WAGE WITHHOLDING

1. Read the Order of Withholding from Earnings (enclosed), which contains the instructions on how to withhold and remit the required amounts.
2. Calculate and deduct the amount to be withheld from the employee's pay, beginning with the first pay period occurring after the employer receives the Order of Withholding from Earnings.
3. Send the amount deducted to ECMC according to the instructions.
4. Repeat steps 2 and 3 each payday.

### *ACKNOWLEDGMENT*

Employers should respond by completing and returning the Employer Acknowledgment of Wage Withholding form within ten (10) business days. If the employee is no longer employed by your organization when you receive the Order of Withholding from Earnings, simply indicate this on the form.

### *EMPLOYEE NOTIFICATION*

The employee will already have received notice that wage withholding will occur. Before you receive an Order of Withholding from Earnings, the employee will have:

- Been sent default notices and a Notice Prior to Wage Withholding.
- Had an opportunity to contest the withholding.
- Been informed of his or her rights and responsibilities in the process.
- Had an opportunity to avoid wage withholding by entering into voluntary repayment.

### *AMOUNT OF WITHHOLDING*

The instructions below explain how to calculate the amount of earnings to be withheld. Please use the Administrative Wage Garnishment (AWG) Withholding Worksheet found at the end of this document.

1. Read the Order of Withholding from Earnings.

2. Identify the employee named in the Order of Withholding from Earnings.



3. Identify the employee's gross earnings for the pay period. Earnings are defined as compensation paid, or for payable personal services, whether denominated as wages, salary, commission, bonus or otherwise.

4. Identify amounts that should be excluded from withholding. These are limited to amounts required by law to be withheld, such as state (if applicable) and federal income tax, federal FICA or OASI tax (Social Security). The employer should not include deductions for savings bonds, employee contributions to retirement plans, health insurance, etc.

5. Calculate disposable earnings by subtracting excluded amounts (Step 4) from the employee's gross earnings (Step 3).

6. Compute the required withholding by multiplying the employee's disposable earnings (Step 5) by .15. The resulting figure is the amount to withhold from the employee's wages each payday. The employer may round off the figure to a flat dollar amount, so long as the resulting figure does not exceed 15% of the employee's disposable pay.

## HOW TO REMIT THE EARNINGS WITHHELD

1. Cut a check for the amount calculated. Make checks payable to ECMC.

2. Be sure each check includes the information listed below:
   - Employee's name
   - Last four digits of employee's Social Security number
   - Employer's name
   - Notation indicating that this is a wage withholding payment or payments
   - Employer's federal Employer Identification Number

3. Send checks to the address identified on the Order of Withholding from Earnings

## FREQUENCY OF PAYMENTS

Although deductions should be made for each pay period (whether weekly, biweekly, monthly, etc.), remittance need not be made more than once each month. The employer is not required to change their normal pay and disbursement cycles to comply with the Order of Withholding from Earnings.

## TWO OR MORE EMPLOYEES

If the employer is making payments to ECMC for two or more employees, the employer may combine payments as long as the check stub or transmittal sheet details the employees' names, amounts remitted for each employee and last four digits of each applicable employee's Social Security number.

## WHEN TO STOP WITHHOLDING

## RELEASE OF AN ORDER

To inform an employer to stop withholding, ECMC will send a Release from the Order of Withholding form to the employer. The employer should continue to withhold earnings from the employee's paycheck until receiving a release. The employer should then complete and return the Acknowledgment of Release of Withholding form, which will be provided with the release.

## WHEN THE EMPLOYEE ENDS EMPLOYMENT

When an employee for whom the employer has been withholding earnings terminates employment with their organization, the employer must notify ECMC in writing within ten (10) business days. In addition, the employer must supply the employee's last known address and the name and address of his/her new employer, if known. This requirement will help ensure the employee can be located and that the new employer will be notified promptly of the withholding requirement.

## EMPLOYER COMPLIANCE

## NONCOMPLIANCE

If the employer fails to withhold wages following the receipt of the withholding order, ECMC must sue the employer to recover any amount that the employer fails to withhold, attorney's fees, costs, and may be awarded punitive damages at the court's discretion. 20 U.S.C. § 1095a(a)(6); 34 C.F.R. § 682.410(b)(9)(P).



EXHIBIT 14

# Kari Aslamy



4224 N. 45ᵗʰ Pl.● Phoenix, AZ 86018● Phone: 480-290-4061 ● Fax: 520-200-0325
E-Mail: kariaslamy@gmail.com

Date: January 24, 2017

ECMC
**Attention:  Wage Garnishment Administrator**
Educational Credit Management Corporation
111 Washington Ave. South
Suite 1400
Minneapolis, MN  55401

      Re:    Contesting Wage Garnishment – SSN█████████

To Whom It May Concern:

      This is in regards to a letter I received from my employer on 1/20/17 stating wages were going to be garnished by ECMC.  This letter is also to inform you that I have **NOT ONCE** received communication by ECMC regarding this issue and that I will seek appropriate legal action if this issue in not addressed in a timely manner.

      I had filed for Chapter 13 bankruptcy in February of 2010 and to my knowledge all my debts were discharged on March 3, 2015.  Since March of 2015, I did not receive a bill or a notice of any kind from ECMC indicating I owed any money nor did I receive any notice regarding the garnishment proceedings by ECMC. I did not even know ECMC had assumed this student loan until I received the garnishment paperwork from my employer.

      After receiving the garnishment order from my employer, I obtained copies of documents that were filed with the bankruptcy court.  At that time, I had filed for bankruptcy in 2010, I owed Wachovia Bank a total of $17,919.67 for two student loans I had obtained to earn my nursing degree.  Those two debts owed to Wachovia Bank were listed in my bankruptcy paperwork.  On June 1, 2010 Wachovia Bank transferred the loans to AES/PHEAA.  I just learned from these documents that on June 30, 2010 AES/PHEAA transferred the loans to ECMC.  These two transfers occurred during the bankruptcy proceedings. I had no reason to believe that after my bankruptcy had been discharged, I had to contact ECMC or, for that matter, AES to discuss repayment of the loans.  If I HAD received some type of notice from ECMC or AES that I still owed money





for these student loans after my bankruptcy had been completed, I would have taken appropriate measures to resolve the issues.

Why would I go through five years of a Chapter 13 bankruptcy just to then avoid repayment of other debts including what is allegedly owed to ECMC? That simply does not make sense.   According to my bankruptcy document, ECMC was paid during my Chapter 13.  I had no reason to believe I had to continue paying them.  Otherwise, I would have made appropriate arrangements to pay ECMC.  I would have also sought to have my student loans cancelled through the U.S Department of Education's Public Service Loan Forgiveness program and/or the Perkins Loan Cancellation and Discharge program as I am a registered nurse, obtained my student loans to become a nurse and have been a nurse for 17 years.  But now, due to no fault of my own, because I am apparently in default of these loans, I have no ability to seek cancellation of these debts through either of the programs.

As stated earlier, the first time I received ANY notice I owed money to ECMC was on 1/20/17 when **my employer** informed me of the garnishment.  The garnishment documents my employer provided shows that ECMC has my address listed as being at 101 Maple Street in Redwood City, CA and my name as "Kari L Lyons".  I have not resided at that address since years prior to my bankruptcy in 2010 and have not used my maiden name since prior to my bankruptcy in 2010.  The bankruptcy court had my updated address in Chandler, Arizona as well as my true name at the time of Kari Ramon.  AES also had my current address in Chandler.  The notices that were being sent out by the Bankruptcy Notice Center to all the creditors (including ECMC, AES and Wachovia) had my updated address in Chandler, Arizona, the contact information for my attorney and my true name at the time.  I even paid bills to AES with an updated address prior to my bankruptcy.  ECMC was able to locate where I work.... why couldn't ECMC locate my home address directly placed on documents they had.  I am not quite sure why ECMC would not simply look at the bankruptcy paperwork and realize that maybe it should update my address in its system or update my name in the system. Instead, ECMC just assumed that I am avoiding paying a debt allegedly owed, defaulted me without notice, and is garnishing my wages without notice.

ECMC does not realize what a large impact this has on me and my family's life, wellbeing and safety.  First, 15% of my wages are being garnished, thus limited my ability to financially support my family.  Second, and more importantly, ECMC's outright negligence and decision to take such drastic measures of defaulting me and garnishing my wages has significantly impacted my credit score.  It reduced my credit score in

2



excess of 100 points and this will prevent me from purchasing the home that me and my family live in.

I entered into a "lease to purchase" agreement in June of 2016 and am required to have the home purchased by May of 2017 or I will lose the $40,000.00 non-refundable deposit that I borrowed from family. It is simply unfair and wrong for ECMC to cause such harm to me and my family when I have done absolutely nothing but seek to resolve all my debts through the bankruptcy court.

This issue needs to be resolved immediately by: (1) contacting my employer and stop the garnishment; (2) contacting the three credit agencies and advising them I am not in default so that my credit score is repaired; and (3) providing me with an opportunity to voluntarily resolve this alleged debt with ECMC. Again, I was never on notice I owed any money to ECMC. I never received any notice of the garnishment from ECMC. I never received any default notices from ECMC or AES or Wachovia. I never received a "Notice Prior to Wage Withholding" from ECMC. I never had an opportunity to contest the withholding by ECMC. I never was informed of my rights and responsibilities in the garnishment process. I feel my rights have been severely violated. And I never had an opportunity to avoid wage garnishment by entering into voluntary repayment.

I believe it is wrong and unethical for ECMC to destroy everything I have worked so hard for due to its own negligence. If this issue cannot be immediately and amicably resolved, I will be forced to take appropriate legal action. Again, my goal is to resolve this issue with ECMC as I just was placed on notice of this debt. However, I do not want to lose my house over an issue that I had absolutely no control over.

I may be reached on my cell phone at 480-290-4061 or via email at kariaslamy@gmail.com. I would assume that at this juncture, ECMC would also update my contact information in its system so that I do receive correspondence.

Sincerely,

Kari Aslamy
[A.K.A: Kari Lyons]

3



EXHIBIT 15

# NAVIENT.

P.O. BOX 9500
WILKES-BARRE, PA 18773-9500

3/6/17
received

CXPROG01-201703  00025586 001598 003588 1/1 000000 3561227 7191-7191



KARI L LYONS
4224 N 45TH PL
PHOENIX AZ 85018-4309

---

## KARI LYONS, we have repayment options that may help you.

Thank you for talking with us about staying on track with your student loans. As a follow-up, we want to make sure you know about other repayment options — changing your repayment plan can make a big difference.

**What you can do**

Take a look at this quick summary of ways to reduce or postpone your monthly payments. For more details about these options, log in to your account at Navient.com and visit the Change Payment menu or call us. If your loans qualify, you can apply for a new repayment plan online or by phone.

**If you'd like to change your monthly payment amount**

| Repayment options | Keep in mind |
|---|---|
| **Standard:** You pay the same amount every month (up to 10 years). | This is the most efficient way to pay down your principal and interest. |
| **Graduated:** You pay less at first, then more over time (up to 10 years). | This is a good option if you need lower payments now but can pay more in the future. However, you'll pay more in interest over time. |
| **Extended:** You pay less every month, but you pay over a longer period of time (up to 25 years). | Because the payment period is longer, you'll pay more interest over time with this option. This plan is only available if your loan balance is more than $30,000. |
| **Income – driven:** We reduce your monthly payments for 12 months at a time based on your income and other factors. (Examples include Income-Based Repayment and Pay as You Earn plans.) | Since your income can change, you need to reapply to income-driven plans every year. These plans usually extend your repayment period, so you'll pay more interest over time. You may also qualify for loan forgiveness after 20 or 25 years. |

**Account Number**
9258426416 - 1

**Date**
02/14/17

**Call Us**
888-272-5543

Monday – Thursday,
8 a.m. – 9 p.m. Eastern
Friday, 8 a.m. – 8 p.m. Eastern

**Manage your account online**

Navient.com

Remember, the more you can pay each month, the less you'll pay in interest over the life of your loan(s).

*Continued on reverse*

---

Para comunicarse en Español con 'Atención al Cliente', llame gratis al (888) 272-5543, y marque el numero correspondiente.

9258426416195722181

K005          C54507          S          0000

## If you need to postpone monthly payments

| Options | Keep in mind |
|---|---|
| **Temporary deferment:** We can postpone your payments if you're in school, in the military, unemployed or experiencing economic hardship | During deferment, interest won't accrue on subsidized loans, but it will still accrue on unsubsidized loans. |
| **Forbearance:** If you don't qualify for deferment, we may still be able to temporarily postpone or reduce your payments. | During forbearance, interest on all loans will continue to accrue, so you'll pay more interest overall. |

## If you'd like to consolidate loans

You may also be able to combine your federal loans into a single monthly payment with a single interest rate. To learn more and apply for consolidation, visit the US Department of Education at StudentLoans.gov.

## Stay in touch – we're here to help

We're glad you contacted us, and we want to help you find the option that fits your situation best. Making payments on time is always the best way to stay on track with your goals and build your credit, but when that's not possible, changing your repayment plan is much better than missing a payment.

If you have any questions, visit us online or give us a call.



EXHIBIT 16

Educational Credit Management Corporation (ECMC) has reviewed your concerns. On October 15, 2003, you were disbursed one federal subsidized consolidation and one federal unsubsidized consolation loan in the total amount of $24,329.22. The loans were funded by Educaid/Wachova, serviced by American Education Service (AES) and originally guaranteed by the Pennsylvania Higher Education Assistance Agency (PHEAA). Attached is a copy of the promissory note used to obtain these loans.

Information provided by AES indicates the loans became first due on November 10, 2003. You made 75 months' of payments totaling $10,910.26, which advanced the due date to February 10, 2010. No further deferments, forbearance or payments were processed on the account.

On February 17, 2010, you filed for Chapter 13 bankruptcy. As a result of the bankruptcy, AES filed a proof of claim (POC) on March 22, 2010, in the amount of $17,371.72. Attached is a copy of this POC. A POC filed for federal student loans only includes interest accrued up until the date of the bankruptcy filing. As federal student loans are presumptively nondischargeable in bankruptcy, interest continues to accrue on the outstanding principal balance until the debt is paid in full. A bankruptcy action does not negate or suspend this accrual, which remains the personal liability of the debtor once the case has been concluded. In addition, student loan debt can only be discharged in bankruptcy if there is a determination by a bankruptcy court that repayment of the student loan debt will impose an undue hardship on the debtor and the debtor's dependents. Since you did not seek discharge of your student loans on the basis of undue hardship, your student loan debt is non-dischargeable. For further information, please refer to 11 U.S.C. § 523(a)(8).

As a result of your Chapter 13, AES field a bankruptcy claim with PHEAA and on April 9, 2010, PHEAA paid a bankruptcy claim in the amount of $17,445.97. PHEAA then transferred all rights, title and interest in your consolidation loans to ECMC on May 27, 2010 in the amount of $17,532 and ECMC became the guarantor of the loans.

Between July 2, 2013 and March 9, 2015 ECMC received and posted trustee payments totaling $1,283.98. Payments received by ECMC during a bankruptcy are applied as required by federal regulations: first to outstanding costs (if applicable), then to outstanding interest and then to the principal balance (34 C.F.R. § 682.404(f)). Enclosed is a copy of your ECMC *Borrower Transaction History Report.* As your loans were not in default at the time of your bankruptcy filing, no payments were applied to collection costs.

On March 4, 2015, ECMC was notified your bankruptcy was discharged effective March 3, 2015. Upon receipt of notification that a bankruptcy action has been discharged, federal regulation 34 C.F.R. § 682.402(h) requires a loan, that was not in default at the time the bankruptcy petition was filed, be repurchased by a lender. As your loans were not in default at the time you filed for Chapter 13 bankruptcy, ECMC requested your loans be repurchased. On June 8, 2015, ECMC posted repurchase funds in the total amount of $19,532.99. At this time Navient became the new servicer of your loans and ECMC remained the guarantor.

Navient established the first payment due date as July 3, 2015. No deferment, forbearance or payments were processed on the account. Once the loans became 270 days past due, they went into default and a default claim was filed by Navient. On September 1, 2016, ECMC paid a default claim on the loans in the total amount of $20,447.48. Pursuant to federal regulations governing the Federal Family Education Loan Program (FFELP), guaranty agencies must add collection costs when the guaranty agency pays a default claim to the lending institution (34 C.F.R. § 682.410(b)(2)). Regulation

also requires all outstanding interest to be capitalized at the time of default (34 C.F.R. § 682.410(b)(4)). As a result of the capitalized interest, the claim paid amount of $20,447.48 became your new principal balance.

ECMC records reflect multiple attempts to contact you by telephone and by mail to discuss the status and options available on your defaulted student loans. On September 6, 2016, ECMC sent the required *Notice of Default* (NOD) to you. This notice informed you of your rights and outlined the steps a federal guarantor may pursue on defaulted student loans, including but not limited to, administrative wage garnishment (AWG) and federal tax offset. This notice also advised you of your options to resolve the defaulted status of your loans within 60 days to avoid the federally mandated consequences of default.

When you failed to enter into voluntary arrangements on your loan, ECMC pursued AWG. ECMC records indicate a Notice Prior to Wage Withholding was sent to you on November 16, 2016. This notice advised you ECMC--pursuant to federal law (20 U.S.C. § 1095a et seq.) - was ordering your employer to immediately withhold 15% of your disposable income for payment of your defaulted federal student loans. This notice explained you could stop the garnishment if you established a written payment arrangement or requested a hearing within 30 days of the date of the notice. As no written or verbal response was received to this notice, an AWG order was issued to your employer to deduct from your wages an amount equal to no more than 15% of your disposable pay for each period, or the amount permitted by 15 U.S.C. § 1673, to repay your defaulted federal student loans held by ECMC. That order was issued December 20, 2016. As of the date of this response, ECMC records reflect two AWG payments posting to your account in the total amount of $731.80.

In your complaint you expressed concerns over the reporting of your loans to the consumer reporting agencies. In accordance with 20 U.S.C. § 1080A(f)(1), the FFELP requires the guaranty agency to report account information to the credit bureaus for up to seven years from the date of first delinquency. This also complies with the Fair Credit Reporting Act duties of entities that furnish information to consumer reporting agencies to report accurate and complete information regarding accounts placed for collection. *See* 15 U.S.C. § 1681c(a)(4) and 15 U.S.C. §§ 1681s-2(a)(1)(A)-(B), 1681s-2(a)(2)(B). Your account is accurately reported as a 93 (Account assigned to internal or external collections) with a balance. ECMC has submitted a request to the consumer reporting agencies to mark the account as disputed. ECMC has no control over and is not responsible for how long it takes the consumer reporting agencies to update the account.

Your complaint also references Public Service Loan Forgiveness (PSLF). PSLF is available to non-defaulted borrowers who meet the qualifications; however, your loans must be disbursed under the Direct Loan Program to be eligible. As your loans were disbursed under the FFELP you must consolidate your current loans into the Direct Loan program and select an Income Driven Repayment (IDR) option. In addition, the consolidation will clear the default from your student loan record but will remain on your credit bureau as outlined earlier in this response. For information regarding consolidation and specifically PSLF, you may visit www.studentaid.gov/publicservice or www.studentloans.gov .

You state you have been forced to obtain an attorney to fight these wrongful allegations. Should you wish your attorney to communicate with ECMC concerning your defaulted student loans, please have your attorney contact Diane Zitur, ECMC Ombudsman - Sr. Manager, Complaint Management. A release to disclose information to your attorney was received at ECMC in February 2017.

Your complaint also mentions several issues with Navient regarding the handling of your account. ECMC is not in a position to address those concerns. Please contact Navient's Office of the Customer Advocate directly at 888-545-4199 for assistance. ECMC is a federal guaranty agency that participates in FFELP and does not service loans for Navient.

There are options available for defaulted borrowers such as Pay in Full, Settle in Full, Rehabilitation and Consolidation. To learn more about these options, you can view www.ecmc.org under the Resolving Default tab or visit www.studentaid.ed.gov under Repay your Loan - getting out of default. To enter into one of these arrangements or to receive further information specifically regarding this account, please contact ECMC at 800-367-1589.

For questions regarding this response please contact Trudy Swanson, ECMC Research Resolution Specialist, at 651-325-3628.

# EXHIBIT 17

Complaint Review

4/11/17, 1:40 PM

 Consumer Financial Protection Bureau

Welcome Kari Aslamy [Logout]

Case number: 170207-002353

Back

## STATUS

Response disputed

Navient said:

**Explanation of closure**

Student loans may be dischargeable in rare circumstances. Please consult a bankruptcy attorney for more information. Your Federal Consolidation defaulted due to non-payment on September 1, 2016. During this time, you may be subject to wage garnishment or income tax withholding.

**Response**

Thank you for reaching out to the CFPB with your concerns regarding your student loan account. Based on a review of your account, we have confirmed that your Federal Consolidation was transferred to Navient on June 3, 2015 after your Chapter 13 bankruptcy was completed.

Whether a debt is dischargeable is a determination made by a bankruptcy court under the U.S. Bankruptcy Code. Student loans may be dischargeable in rare circumstances. Please consult a bankruptcy attorney for more information. As of this date, we have no record that your student loan was discharged by means of an adversary proceeding. Therefore, you are still obligated to repay this loan.

We have confirmed that the address that was provided to us after the Chapter 13 bankruptcy was completed, was the following:

P.O. Box 13066
Chandler, AZ 85248-0035

Our records indicate that we then started to receive return mail as of October 2015. When we receive mail back, we will attempt to locate you by a process known as Skip Tracing (the active search for loans' responsible parties). As a result, we have attempted to locate other addresses which you may have resided at. Please know that it is the customer's responsibility to notify us of any address change. Please note that during this time, we also made call attempts to reach you as well.

Your Federal Consolidation defaulted due to non-payment on September 1, 2016. When a loan defaults, the guarantor will then purchase the loan back to attempt to collect the debt. During this time, you may be subject to wage garnishment or income tax withholding. The loan will be considered in default until you make contact with the guarantor to set up satisfactory payment arrangements to rehabilitate the loan. If you would like to discuss the options available on your loan, please contact ECMC at 888-221-3262.

Our records indicate that we did receive your credit dispute in February and April 2016, we replied to your February 2016 inquiry in March 2016. We also responded to the consumer credit agencies after your April 2016 inquiry in May 2016 advising that the information reported was valid.

In accordance with federal regulations, Navient must report your federal student loans to consumer reporting agencies. We will report your loans in a past due status if they are more than 90 days delinquent at month end. This will provide you with an opportunity to contact us if you are past due and/or having difficulty making payments before negative reporting occurs.

https://help.consumerfinance.gov/app/account/complaints/review/i_id/2343631

Page 1 of 8

Complaint Review

4/11/17, 1:40 PM

The Fair Credit Reporting Act requires lenders who report information to the consumer reporting agencies to do so with accuracy. Navient cannot remove accurate information previously reported. Therefore, we cannot honor your request.

## WHAT HAPPENED

**Describe what happened so we can understand the issue...**

This is in regards to my bankruptcy and the lack of continued response from Navient. I had filed for Chapter 13 bankruptcy in 2010 and to my knowledge all my debts were discharged in 2015. Since March of 2015, I did not receive a bill, letter of assuming loan, or notice of any kind from Navient/ECMC --ECMC is the servicing company for Navient---indicating I owed any money. Nor did I receive any notice regarding wage garnishment proceedings by ECMC/Navient. I did not even know ECMC/Navient had assumed this student loan until I received the garnishment paperwork from my employer.

After receiving the garnishment order from my employer, I obtained copies of documents that were filed with the bankruptcy court. At that time, I had filed for bankruptcy in 2010, I owed Wachovia Bank a total of $17,919.67 for two student loans I had obtained to earn my degree. Those two debts owed to Wachovia Bank were listed in my bankruptcy paperwork. Wachovia Bank transferred the loans to AES/PHEAA. I learned from these documents that AES/PHEAA transferred the loans to ECMC/Navient. These two transfers occurred during the bankruptcy proceedings. I had no reason to believe that after my bankruptcy these had not been discharged, or that I had to contact ECMC or, for that matter, AES to discuss repayment of the loans. If I HAD received some type of notice from ECMC/Navient or AES that I still owed money for these student loans after my bankruptcy had been completed, I would have taken appropriate measures to resolve the issues.

I would not go through five years of a Chapter 13 bankruptcy just to avoid repayment of other debts including what is allegedly owed to ECMC/Navient. That simply does not make sense. According to my bankruptcy document, ECMC/Navient was paid during my Chapter 13. I had no reason to believe I had to continue paying them. Otherwise, I would have made appropriate arrangements to pay ECMC/Navient. I would have also sought to have my student loans cancelled through the U.S Department of Education's Public Service Loan Forgiveness program and/or the Perkins Loan Cancellation and Discharge program as I discovered I qualified for. But now, due to NO fault of my own, because I am apparently in default of these loans, I have no ability to seek cancellation of these debts through either of the programs.

The first time I received ANY type of notice that I owed money to ECMC/Navient was when my employer informed me of wage garnishment. I even contacted Navient twice in 2016 because I saw a discrepancy on my credit report. Not knowing who they were or why they said I was in default, I mailed them two letters. I mailed one in February 2016 and April 2016 in an attempt to resolve a situation I had no knowledge of. They failed to communicate to either letter. My credit report stated that Navient purchased my loan from Wells Fargo. I sent Wells Fargo a letter at the same time with a letter in return stating they had never sold my loan to Navient and they discharged the amount I owed. At this point, I assumed after sending Navient two letters with no response, I had resolved the issue. Now, 1 year later, as I have entered into a lease-to-purchase agreement with a non-refundable large deposit for a home my credit report has been deeply damaged by Navient's lack of communication with me. It has made a huge derogatory impact not only on my credit report but by the stress of my well-being and I could possibly lose my home and life savings that I have worked so hard to correct with my bankruptcy. I have been forced to obtain an attorney and fight these wrongful allegations.

**Consent to publish the description of what happened?** Consent not provided

**My loan is** Federal student loan

**Issue** Dealing with my lender or servicer: Trouble with how payments are handled

**What college or university did you attend when you received the loan?**
City College of San Francisco, San Francisco, CA

## DESIRED RESOLUTION

**What do you think would be a fair resolution to your issue?**
Take me out of default, fix my credit report, damages if I lose my home due to wrongful

Complaint Review

4/11/17, 1:40 PM

reporting and neglect of due-diligence, attorney fees, and have my repayment back to the amount that I owed after my bankruptcy. The amount that I would have paid knowing I still owed this loan.

## MY INFORMATION

Contact information

**Mailing address**
Mrs Kari Aslamy
4224 N. 45th Pl.
Phoenix AZ 85018
United States

**Email** kariaslamy@gmail.com

**Phone** 602-777-0733

**Age** 46

**I am submitting on behalf of** ✓ Myself

## PRODUCT INFORMATION

✓ Billing address is the same as mailing address.

**Account/Loan number or SSN** *********

**Information about the company**
Navient
United States

**Supporting documents**
ECMC_final.pdf    *(88.23 KB)*

## COMPLAINT HISTORY

Auto-Response                                    **02/23/2017 01:05 PM**

To: kariaslamy@gmail.com

Subject: Your submission, [Case number: 170207-002353 ]

Thank you for reviewing the company's response to your complaint (number 170207-002353 ).
We've noted that you gave us feedback about the response.

What happens now?
• We'll update the complaint database on our website:
consumerfinance.gov/ComplaintDatabase to alert the public and the company that you disputed
the company's response to your complaint. The complaint database shows which companies get the
most disputes from consumers.
• We'll use your feedback and the feedback other consumers give us about this company to help us
make decisions about which issues and companies to investigate.
• We've shared your complaint with the Federal Trade Commission, which will add your complaint
to its database for state and federal law enforcement agencies.
• There is nothing else you need to do now. Your complaint has completed the process and is now
closed.

If the company broke the law, will you tell me?
No. We do not comment on possible violations of the law unless they're made public. You can learn

about our public actions and sign up to receive email updates at consumerfinance.gov/newsroom.

Can I hire my own lawyer to look into this?
Yes. While we can't give legal advice or represent individuals in legal matters, if you want more help you can contact a private attorney or your local legal aid office for free or low-cost legal resources. You can search for legal aid near you by visiting the Legal Service Corporation website at www.lsc.gov and searching for your city, state, or zip code in the "Find Legal Aid" portion of the website.

Is that it?
Complaints help us identify trends and problems in the marketplace and understand the challenges people are facing so we can look for these problems when we supervise companies, enforce federal consumer financial laws, and write rules and regulations.

Where can I find more information?
If you have questions, call us at (855) 411-CFPB (2372) or visit us at consumerfinance.gov/askcfpb.

We also welcome your feedback on how our complaint process worked for you. If you want to share your story, go to https://help.consumerfinance.gov/app/tellyourstory.


Thank you,
Consumer Financial Protection Bureau
consumerfinance.gov
(855) 411-CFPB (2372)

AR3.3-EN


**Customer Kari Aslamy via Web**                    **02/23/2017 01:05 PM**

Yes the address they stated on the response was the address that I should have been receiving documents, bills, and communication. Yet that was not the address they were sending these document. The document I received and through verbal communication via telephone with representatives from both companies (ECMC and Navient) my documents were not mailed to this address. IF they had been I would have received them. However, the documents I have and the exact reason why I NEVER received any form of communication is a California address. I can prove this in a court of law which is why I have been trying to first resolve the issue and second if not file a lawsuit for the damages both ECMC and Navient has caused to me and my family because of the stress and worry to my credit report and losing our home. Their continued denial on this is very frustrating and their actions are a violation of consumer rights. It is not ok for companies to treat people, especially those trying to do the right thing, in this manner. IT is just wrong.

**Auto-Response**                                    **02/22/2017 01:30 PM**

To: kariaslamy@gmail.com

Subject: Your submission, [Case number: 170207-002353]

We wanted to let you know that the company responded to your complaint.

What happens next?
Review the company's response:
- Log in to https://help.consumerfinance.gov/app/account/complaints/list to read it online, or
- Call us at (855) 411-CFPB (2372) and we'll share it with you.

The company's response should include the steps they took, or will take, in response to your complaint.

If you're okay with the company's response, then you're finished! If you aren't okay with it, we want your feedback. You can call us to dispute it, or select "dispute" and share your feedback when you review the response online.

Also, we wanted to let you know that we've published your complaint in two online databases. Your complaint – without any information that could be used to identify you – has been published on our website in the Consumer Complaint Database, where it can be used to help other consumers: consumerfinance.gov/ComplaintDatabase. It has also been shared with the Federal Trade Commission, which has added your complaint to its database for state and federal law enforcement agencies.

What happens if I dispute the company's response?
We use the feedback consumers like you provide about company responses to make decisions about which issues and companies to investigate. We also publish on our website which companies get the most disputes from consumers.

Can I hire my own lawyer to look into this?
Yes. While we can't give legal advice or represent individuals in legal matters, if you want more help you can contact a private attorney or your local legal aid office for free or low-cost legal resources. You can search for legal aid near you by visiting the Legal Service Corporation website at www.lsc.gov and searching for your city, state, or zip code in the "Find Legal Aid" portion of the website.

Is that it?
Complaints help us identify trends and problems in the marketplace and understand the challenges people are facing so we can look for these problems when we supervise companies, enforce federal consumer financial laws, and write rules and regulations.

Where can I find more information?
If you have questions, call us at (855) 411-CFPB (2372) or visit us at consumerfinance.gov/askcfpb.

We also welcome your feedback on how our complaint process has worked for you. If you want to share your story, go to https://help.consumerfinance.gov/app/tellyourstory.


Thank you,
Consumer Financial Protection Bureau
consumerfinance.gov
(855) 411-CFPB (2372)

AR2.1a-EN


Auto-Response                                        02/10/2017 05:13 PM

We've sent your complaint to the company for a response.

We will let you know when the company responds. The response should include the steps they took, or will take, in response to your complaint.

You should receive a status update within the next 15 days.

You can track the status of your complaint at:
https://help.consumerfinance.gov/app/account/complaints/list.


Thank you,
Consumer Financial Protection Bureau
consumerfinance.gov
(855) 411-CFPB (2372)


Auto-Response                                        02/10/2017 12:13 PM

https://help.consumerfinance.gov/app/account/complaints/review/i_id/2343631

Complaint Review

4/11/17, 1:40 PM

Please give us a call at (855) 411-CFPB (2372) — we need to get some additional information regarding your complaint. We are unable to further process your complaint until we hear from you.

- Please contact us at (855) 411-CFPB (2372) between the hours of 8 a.m. and 8 p.m. ET.
- Reference your complaint number 170207-002353.
- Make sure you call us within the next 30 days.
- A member of our team will help you complete your complaint.

As soon as we receive this information, we can continue working on your complaint.

Thank you,
Consumer Financial Protection Bureau
consumerfinance.gov
(855) 411-CFPB (2372)

Customer Kari Aslamy                                         02/07/2017 05:24 PM

This is in regards to my bankruptcy and the lack of continued response from Navient. I had filed for Chapter 13 bankruptcy in 2010 and to my knowledge all my debts were discharged in 2015. Since March of 2015, I did not receive a bill, letter of assuming loan, or notice of any kind from Navient/ECMC --ECMC is the servicing company for Navient—indicating I owed any money. Nor did I receive any notice regarding wage-garnishment proceedings by ECMC/Navient. I did not even know ECMC/Navient had assumed this student loan until I received the garnishment paperwork from my employer.
After receiving the garnishment order from my employer, I obtained copies of documents that were filed with the bankruptcy court. At that time, I had filed for bankruptcy in 2010, I owed Wachovia Bank a total of $17,919.67 for two student loans I had obtained to earn my degree. Those two debts owed to Wachovia Bank were listed in my bankruptcy paperwork. Wachovia Bank transferred the loans to AES/PHEAA. I learned from these documents that AES/PHEAA transferred the loans to ECMC/Navient. These two transfers occurred during the bankruptcy proceedings. I had no reason to believe that after my bankruptcy these had not been discharged, or that I had to contact ECMC or, for that matter, AES to discuss repayment of the loans. If I HAD received some type of notice from ECMC/Navient or AES that I still owed money for these student loans after my bankruptcy had been completed, I would have taken appropriate measures to resolve the issues.
I would not go through five years of a Chapter 13 bankruptcy just to avoid repayment of other debts including what is allegedly owed to ECMC/Navient. That simply does not make sense. According to my bankruptcy document, ECMC/Navient was paid during my Chapter 13. I had no reason to believe I had to continue paying them. Otherwise, I would have made appropriate arrangements to pay ECMC/Navient. I would have also sought to have my student loans cancelled through the U.S Department of Education's Public Service Loan Forgiveness program and/or the Perkins Loan Cancellation and Discharge program as I discovered I was qualified for. But now, due to NO fault of my own, because I am apparently in default of these loans, I have no ability to seek cancellation of these debts through either of the programs.
The first time I received ANY type of notice that I owed money to ECMC/Navient was when my employer informed me of wage garnishment. I even contacted Navient twice in 2016 because I saw a discrepancy on my credit report. Not knowing who they were or why they said I was in default, I mailed them two letters. I mailed one in February 2016 and April 2016 in an attempt to resolve a situation I had no knowledge of. They failed to communicate to either letter. My credit report stated that Navient purchased my loan from Wells Fargo. I sent Wells Fargo a letter at the same time with a letter in return stating they had never sold my loan to Navient and they discharged the amount I owed. At this point, I assumed after sending Navient two letters with no response, I had resolved the issue. Now, 1 year later, as I have entered into a lease-to-purchase agreement with a non-refundable large deposit for a home my credit report has been deeply damaged by Navient's lack of communication with me. It has made a huge derogatory impact not only on my credit report but by the stress of my well-being and I could possibly lose my home and life savings that I have worked so hard to correct with my bankruptcy. I have been forced to obtain an attorney and fight these wrongful allegations.

Auto-Response                                               02/07/2017 05:24 PM

Complaint Review

4/11/17, 1:40 PM

02/07/2017 05:24 PM

To: kariaslamy@gmail.com ,

Subject: Your submission, [Case number: 170207-002353]

We received your submission and will review it as soon as possible.

We will:
• Send your complaint to the company for a response; or
• Send your complaint to the appropriate regulator or help you get in touch with your state and
local consumer protection office; or
• Let you know if we need more information to continue our work.

While we can't give legal advice or represent individuals in legal matters, if you want more help you
can contact a private attorney or your local legal aid office for free or low-cost legal resources at
www.lsc.gov .

You can register to track the status of your submission at:
https://help.consumerfinance.gov/app/account/complaints/list .

You may also contact the U.S. Department of Education's Federal Student Aid Ombudsman about
your federal student loan by calling (877) 557-2575 or online at https://studentaid.ed.gov/repay-
loans/disputes/prepare/contact-ombudsman .

Thank you,

Consumer Financial Protection Bureau
consumerfinance.gov
(855) 411-CFPB (2372)
AR1.0c-fsl-EN

Customer Kari Aslamy                                    02/07/2017 05:24 PM

This is in regards to my bankruptcy and the lack of continued response from Navient. I had filed for
Chapter 13 bankruptcy in 2010 and to my knowledge all my debts were discharged in 2015. Since
March of 2015, I did not receive a bill, letter of assuming loan, or notice of any kind from
Navient/ECMC —ECMC is the servicing company for Navient—indicating I owed any money. Nor
did I receive any notice regarding wage garnishment proceedings by ECMC/Navient. I did not even
know ECMC/Navient had assumed this student loan until I received the garnishment paperwork
from my employer.
After receiving the garnishment order from my employer, I obtained copies of documents that were
filed with the bankruptcy court. At that time, I had filed for bankruptcy in 2010, I owed Wachovia
Bank a total of $17,919.67 for two student loans I had obtained to earn my degree. Those two
debts owed to Wachovia Bank were listed in my bankruptcy paperwork. Wachovia Bank transferred
the loans to AES/PHEAA. I learned from these documents that AES/PHEAA transferred the loans to
ECMC/Navient. These two transfers occurred during the bankruptcy proceedings. I had no reason
to believe that after my bankruptcy these had not been discharged, or that I had to contact ECMC
or, for that matter, AES to discuss repayment of the loans. If I HAD received some type of notice
from ECMC/Navient or AES that I still owed money for these student loans after my bankruptcy had
been completed, I would have taken appropriate measures to resolve the issues.
I would not go through five years of a Chapter 13 bankruptcy just to avoid repayment of other
debts including what is allegedly owed to ECMC/Navient. That simply does not make sense.
According to my bankruptcy document, ECMC/Navient was paid during my Chapter 13. I had no
reason to believe I had to continue paying them. Otherwise, I would have made appropriate
arrangements to pay ECMC/Navient. I would have also sought to have my student loans cancelled
through the U.S Department of Education's Public Service Loan Forgiveness program and/or the
Perkins Loan Cancellation and Discharge program as I discovered I was qualified for. But now, due
to NO fault of my own, because I am apparently in default of these loans, I have no ability to seek
cancellation of these debts through either of the programs.

Complaint Review

4/11/17, 1:40 PM

The first time I received ANY type of notice that I owed money to ECMC/Navient was when my employer informed me of wage garnishment. I even contacted Navient twice in 2016 because I saw a discrepancy on my credit report. Not knowing who they were or why they said I was in default, I mailed them two letters. I mailed one in February 2016 and April 2016 in an attempt to resolve a situation I had no knowledge of. They failed to communicate to either letter. My credit report stated that Navient purchased my loan from Wells Fargo. I sent Wells Fargo a letter at the same time with a letter in return stating they had never sold my loan to Navient and they discharged the amount I owed. At this point, I assumed after sending Navient two letters with no response, I had resolved the issue. Now, 1 year later, as I have entered into a lease-to-purchase agreement with a non-refundable large deposit for a home my credit report has been deeply damaged by Navient's lack of communication with me. It has made a huge derogatory impact not only on my credit report but by the stress of my well-being and I could possibly lose my home and life savings that I have worked so hard to correct with my bankruptcy. I have been forced to obtain an attorney and fight these wrongful allegations.

Privacy Act Statement

OMB #3170-0011

EXHIBIT 18

Educational Credit Management Corporation (ECMC) has reviewed your concerns. Our research reflects you previously filed a similar complaint with the Consumer Financial Protection Bureau (CFPB) on February 10, 2017, case # 170210-001840, which was responded to timely. Please refer to ECMC's initial response to your original case regarding your bankruptcy, balance and credit reporting. Your second complaint raises an additional concern regarding address information on your account.

As stated in our initial response, after your Chapter 13 bankruptcy was discharged, ECMC requested Navient repurchase your loans. As part of this process ECMC sent a quote to Navient which included the balance of your loans as well as the current address ECMC had for you. The address provided on the quote was PO Box 13066, Chandler, AZ 85248. On June 8, 2015, ECMC posted repurchase funds and Navient became the new servicer of your loans. Based on payments made through your trustee prior to the repurchase, ECMC generated a 1098-E in January 2016. This notice listed your address as the PO Box associated with your bankruptcy; however, as it was under $600 was not mailed to you.

The due date established by Navient after repurchase was July 3, 2015. On September 1, 2015, once your loans became 60 days past due, Navient requested default aversion assistance from ECMC. Federal regulations require a lender/servicer to submit a request for default aversion assistance (DAA) to the guarantor when a borrower becomes 60 days past due (34 C.F.R. § 682.411(i)). The guarantor is a separate entity from the servicer. Part of the default aversion assistance provided by the guarantor is to attempt to contact the borrower to explain what options may be available (such as income-driven repayment plans, forbearance and deferment) and to help the borrower contact the servicer to take advantage of available options. The address provided to ECMC by Navient at the time of the DAA request was 101 Maple St, Redwood City, CA 94063. ECMC sent letters to that address on September 3, 2015, January 1, 2016 and July 18, 2016 of which none of them were received return mail.

Once the loans became more than 270 days past due, they went into default and a default claim was filed by Navient. On September 1, 2016, ECMC paid a default claim on the loans in the total amount of $20,447.48. At that time the most current address information on file with ECMC was 101 Maple St. On September 4, 2016, ECMC mailed a *Notice of Default* to you at the Maple St address and on November 16, 2016 ECMC mailed a *Notice Prior to Wage Withholding*. Both letters were sent to the Maple St. address and neither letter was received back as return mail. ECMC records reflect on January 23, 2017, you updated your address to 4224 North 45th Place, Phoenix, AZ 85018 via the ECMC website.

Our records indicate you recently began the process of consolidating your loans under the Federal Direct Loan Program. For information concerning the status of the consolidation process, please contact Department of Education/Great Lakes at 1-800-236-4300. As a result of the pending consolidation, ECMC mailed an Administrative Wage Garnishment (AWG) suspend notice to your employer on March 8, 2017. Due to the confusion with your address, ECMC has also agreed to issue a refund of your 3 AWG payments received by ECMC totaling $1,075.62. This check will be cut on March 13, 2017 and will be mailed to the address you updated on January 23, 2017.

Please be advised, if the loan consolidation process is not completed, ECMC will resume collection activity, including AWG. Should you have questions regarding this response, please contact Trudy Swanson, ECMC Research Resolution Specialist, at 651-325-3628.

EXHIBIT 19


www.Navient.com

Office of the Customer Advocate
PO Box 4200
Wilkes-Barre, PA 18773-4200

March 31, 2017

Ms. Kari L. Lyons
4224 North 45th Place
Phoenix, AZ 85018-4309

**RE:    Your Student Loan Account #9258426416**

Dear Ms. Lyons:

Thank you for reaching out to the Office of the Customer Advocate to request assistance with your student loan account.  Specifically, you are requesting copies of correspondence sent to you.  We are here to help you in any way that we can.

As you requested, enclosed are copies of correspondence sent to you from June 4, 2015 through March 26, 2016.  Also, enclosed please find a copy of a letter we sent to you dated February 24, 2017 regarding your account.

You are welcome to call me directly at 888-545-4199, x889189, with any questions you may have about this issue.

Sincerely,

Kelly Shefler
Office of the Customer Advocate
Navient

Enclosures

Person Filing: Kari Aslamy
Address (if not protected): 4224 N. 45th Place
City, State, Zip Code: Phoenix, AZ 85018
Telephone: 480-290-4061
Email Address: kariaslamy@gmail.com
Lawyer's Bar Number: _____

ORIGINAL

For Clerk's Use Only

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

KARI ASLAMY

Name of Petitioner

And

NAVIENT CORPORATION; and  *Navient Solutions Inc.*

Name of Respondent

Case No.: CV2017-003759

SUMMONS

*If you want legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association*

---
**WARNING: This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** NAVIENT CORPORATION and NAVIENT SOLUTIONS, INC.

Name of Respondent  *NKA Navient Solutions LLC*

1.  A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    • **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205** *OR*
    • **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032** *OR*
    • **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona  85210-6201** *OR*
    • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

    **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f -090413

Case Number: _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona  85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date          APR 13 2017          **MICHAEL K. JEANES, CLERK**

MICHAEL JEANES, CLERK OF COURT

By _____
Deputy Clerk

B. Colwell

Person Filing: Kari Aslamy
Address (if not protected): 4224 N. 45th Place
City, State, Zip Code: Phoenix, AZ 85018
Telephone: 480-290-4061
Email Address: kariaslamy@gmail.com
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

MICHAEL K. JEANES, CLERK
BY _____ DEP.
B. Colwell
FILED

17 APR 13 PM 1: 13

FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

KARI ASLAMY

                    PLAINTIFF,

            vs.

NAVIENT CORPORATION; and

NAVIENT SOLUTIONS, INC.

                    DEFENDANT.

CV2017-003759

Case Number: _____

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs (does) ~~does not~~ exceed limits set by Local Rule for compulsory arbitration.  This case ~~is~~ / (is not) subject to compulsory arbitration as provided in Rules 72 through 77 of the Rules of Civil Procedure.

SUBMITTED this 13th day of April , 20 17 .

BY _____

CV00f - 030617
Use current version

**In the Superior Court of the State of Arizona**
**In and For the County of** Maricopa

MICHAEL K. JEANES, CLERK
BY ~~B. Colwell~~ DEP
FILED

Case Nur

## CV2017-003759

**CIVIL C(**
(Please Type or Print)

Is Interpreter Needed?  ☑ Yes  ☒ No
at language:
_____

17 APR 13  PM 1: 12

Plaintiff's Attorney _____

Attorney Bar Number _____

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
| Kari Aslamy | 4224 N. 45th Place, Phoenix, AZ 85018 | 480-290-4061 | kariaslamy@gmail.com |

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)    Navient Corporation and Navient Solutions, Inc. (nka Navient Solutions, LLC)

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(h) COMPLEX LITIGATION APPLIES. Rule 8(h) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category. The words** "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☒ 111 Negligence
☐ 112 Product Liability -- Asbestos
☐ 112 Product Liability -- Tobacco
☐ 112 Product Liability -- Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

Case No. _____

**130 CONTRACTS:**

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

**150-199 OTHER CIVIL CASE TYPES:**

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

**COMPLEXITY OF THE CASE**

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(h) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 120116

MICHAEL K. JEANES, CLERK
BY    C. Trowell    DEP

FILED

17 MAY -4 AM 11: 50

1   KARI ASLAMY
    4224 N. 45th Place
2   Phoenix, AZ 85018
    Telephone: (480) 290-4061
3   Telecopier: (520) 200-0325
    Kariaslamy@gmail.com
4

5                    **SUPERIOR COURT OF ARIZONA**

6                      **COUNTY OF MARICOPA**

7

8   | KARI ASLAMY, | Case No. CV2017-003759 |
    |---|---|
9   | Plaintiff, | |
    | vs. | **AFFIDAVIT OF SERVICE UPON** |
10  | | **DEFENDANT NAVIENT CORPORATION** |
    | NAVIENT CORPORATION; and | **AND DEFENDANT NAVIENT** |
11  | NAVIENT SOLUTIONS, INC. (nka | **SOLUTIONS, INC. PURSUANT TO RULE** |
    | NAVIENT SOLUTIONS, LLC), | **4.2, A.R.C.P.** |
12  | Defendants. | |

13

14       Plaintiff Kari Aslamy, pursuant to Rule 4.2(c), *Arizona Rules of Civil Procedure* (A.R.C.P),

15  hereby files her Affidavit of Service upon Defendant Navient Corporation and Defendant Navient

    Solutions, Inc.
16
         Plaintiff Aslamy avows the following in support of this affidavit:
17
    1.  Defendant Navient Corporation is a corporation location outside of Arizona but within the
18
        United States.
19
    2.  Defendant Navient Solutions, Inc. is an LLC located outside of Arizona but within the
20
        United States.
21
    3.  On April 14, 2017, Plaintiff mailed a copy of the summons and complaint to Defendant
22
        Navient Corporation via USPS certified mail, return receipt required.
23
    4.  On April 14, 2017, Plaintiff mailed a copy of the summons and complaint to Defendant
24
        Navient Solutions, Inc. Via USPS certified mail, return receipt required.
25

                                              1

5.  Plaintiff received a signed return receipt, which is attached to the affidavit as Exhibit "A", and indicates that Defendant Navient Corporation received a copy of the summons and complaint on April 17, 2017.

6.  Plaintiff received a signed return receipt, which is attached to the affidavit as Exhibit "B", and indicates that Defendant Navient Solutions, Inc. Received a copy of the summons and complaint on April 17, 2017.

DATED this __27__ day of April, 2017.

_____
Kari Aslamy

State of Arizona      )
                      ) ss.
County of Maricopa  )

Subscribed and sworn to (or affirmed) before me this 27 day of **April**, 2017 by Kari L. Aslamy.

Notary Stamp/Seal

Elizabeth Flores
Notary Public
Maricopa County, Arizona
My Comm. Expires 04-03-2020

_____
Notary Public

Commission Exp. Date  **4/3/2020**

**Description of Attached Document**
Title or Type of Document: *Affidavit of Service*
Document Date:_____ Number of Pages:
Signer Other Than Named Above: None

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# Exhibit "A"

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jack Remondi,
Manager - Navient
123 Justison St.
Wilmington DE 1980V

9590 9402 2613 6336 8289 05

2. Article Number (Transfer from service label)

7016 2710 0001 1627 9493

PS Form 3811, July 2015 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X  O . C          □ Agent
                  □ Addressee

B. Received by (Printed Name)     C. Date of Delivery

O. C

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below.         ☒ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
  (over $500)

□ Priority Mail Expr
□ Registered Mail™
□ Registered Mail
   Delivery
□ Return Receipt f
   Merchandise
□ Signature Confirm
□ Signature Confirma
   Restricted Delivery

Domestic Return Rec

USPS TRACKING #

United States
Postal Service

9590 9402 2673 6936 8289 05

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Kari Aslamy
4224 N 45th Pl.
Phoenix Az 85018

# Exhibit "B"

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jack Remondi,
manager—Navient
123 Justison St.
Wilmington DE 1980

9590 9402 2613 6336 8289 05

2. Article Number (Transfer from service label)

7016 2710 0001 1627 9493

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Expr
☐ Registered Mail™
☐ Registered Mail
Delivery
☐ Return Receipt f
Merchandise
☐ Signature Confirm
☐ Signature Confirma
Restricted Delivery

Domestic Return Rec

United States
Postal Service

USPS TRACKING #

9590 9402 2613 6336 8289 05

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4® in this box●

Kari Aslamy
4224 N 45th Pl.
Phoenix Az 85018